632 So.2d 405 (1994)
Donna RETIF, Individually and on Behalf of Her Minor Son, Derek Retif
v.
John DOE and K-Mart Fashion and Apparel Corporation.
No. 93-CA-1104.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1994.
Rehearing Denied March 17, 1994.
*406 Richard Tonry, Michael C. Ginart, Jr., Law Office of Tonry and Ginart, Chalmette, for plaintiff-appellee.
Matthew J. Ungarino, David I. Bordelon, Metairie, for defendant-appellant.
Before BYRNES, PLOTKIN and LANDRIEU, JJ.
PLOTKIN, Judge.
Defendant, K-Mart Corporation (K-Mart), appeals a judgment in favor of plaintiff, Donna Retif, individually, and on behalf of her minor son Derek, in the sum of $13,000 general damages and $794 medical expenses for injuries to Derek, which occurred when a shopping cart flipped over on him in the store. We reverse.
On March 25, 1991, between 5 p.m. and 6 p.m., Mrs. Retif, along with her two children, Michael, age 7, and Derek, age 4, entered the garden center section of the K-Mart store in Meraux, Louisiana. Mrs. Retif inspected plants on display with the intent to purchase various plants. During this time, Derek started walking, running, and playing under the indoor sprinkler system. The K-Mart employee on duty, Ms. Theresa Hoffman, observed Derek getting wet and turned off the sprinkler.
Eventually, Mrs. Retif selected her purchases and brought them to the cashier, Ms. Hoffman. While Mrs. Retif was paying for her purchases, with Michael at her side, she and Ms. Hoffman heard a scream and discovered that Derek had been injured. Neither Mrs. Retif nor Ms. Hoffman witnessed the accident.
It is uncontradicted that someone stacked two 10-pound bags of soil in the child's seat of a shopping cart and left it unattended. Neither Mrs. Retif nor Ms. Hoffman, who were approximately 10 to 12 feet away from the checkout counter, were aware of the cart or that Derek was playing with it. Derek testified that he started pushing and pulling on the unattended cart for approximately four minutes and moved it backwards and forwards six or seven times, a distance he describes as five feet. Derek stated that while he was pushing the basket, his feet were not on the ground, indicating that he pulled the basket over on himself. There is no evidence that anyone was in contact with the cart at the time of the accident except Derek. Additionally, the record contains no evidence that the cart was defective in any manner. No one testified that the cart was unbalanced, overloaded, or had any defect.
K-Mart transports potted soil by forklifts on pallets. They are stacked on the floor for display purposes. When purchased, either a customer places them in a shopping cart or an employee will deliver them to a customer's car on a delivery cart, not a shopping cart. There is no evidence that K-Mart created a potentially unreasonable hazardous condition by loading or storing the two 10-pound bags in the shopping cart and allowing the cart to remain unattended.
The standard of intermediate appellate review has been well defined.
It is well settled that a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings. For only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what it said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Absent objective evidence, internal inconsistency, or documents which would cause a reasonable fact finder not to believe a witness' story, a decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous or clearly wrong. Fuller v. Wal-Mart Stores Inc., 577 So.2d 792, 794 (La.App.2d Cir.1991).
The trial court applied LSA-R.S. 9:2800.6(B) to the facts in rendering judgment. However, the defendants assert that *407 the trial court erred in its application of an incorrect evidentiary and legal standard. The statute applied by the trial judge prescribes the general duty of care required of a store owner to patrons and guests, and reads as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.
A close reading of the above statute indicates that Subsection (A) applies to tort actions, such as that presented in the instant case, which result from accidents other than a fall on the store owner's premises. In those cases, the store owner or person having custody of the property has a duty to keep the property in a reasonably safe condition as well as a duty to keep the premises reasonably free of any hazardous conditions which might cause damage. Thus, the store owner must discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of its existence. Hardie v. Bestway Grocery, 620 So.2d 937, 939 (La.App.3rd Cir. 1993), writ denied 626 So.2d 1164 (La.1993).
Subsection (B), on the other hand, applies to tort claims which result from a fall on the premises. The clear language in the statute refers to a person who sustained injury, death, or loss "because of a fall...." Thus, the burden of proof established in this subsection is restricted to claims that arise out of a fall due to a condition existing in or on a merchant's premises. Hickman v. Alberton, Inc., 598 So.2d 1128, 1131 (La.App.2d Cir. 1992); Jefferson v. Costanza, 628 So.2d 1158, 1161 (La.App.2d Cir.1993).
In the instant case, the accident occurred when the shopping cart fell on the minor child; therefore, Subsection (A) applies to this case. The trial court erred in applying the evidentiary standard established by Subsection (B).
Rather, the same burden of proof applicable to any other negligence case applies to the instant cause of action. That burden of proof has been described as follows:
The determination of liability in a negligence case usually requires proof of five separate elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of the liability or scope of protection element); and (5) proof of actual damages (the damages element). The first element is usually a judge question, and the other *408 four are usually jury questions unless reasonable minds could not differ.

Fowler v. Roberts, 556 So.2d 1, 4-5 (La.1989).
As we noted earlier, LSA-R.S. 9:2800.6(A) defines the general duty a merchant owes to patrons, invitees and guests on the premises. Under that statute, the merchant has a duty to exercise reasonable care to protect those who enter the store. This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. When the presence of young children is expected, the duty increases. Jefferson, supra.
However, store owners are not required to insure against all accidents that occur on the premises. Tobin v. Wal-mart Stores, Inc., 575 So.2d 946, 948-49 (La. App.2d Cir.), writ denied 580 So.2d 923 (La. 1991). They are not absolutely liable whenever an accident happens. A shopper has the duty of exercising reasonable care for his own safety and for the safety of those under his care and control.
In this case, the uncontradicted evidence in the record demonstrates that Derek was allowed by his mother to roam unattended for 15 to 20 minutes while she shopped in the plant department, and that Derek, while approximately 12 to 15 feet away from his mother and the cashier, unobserved by either, began playing with the shopping cart and eventually pulled the cart over on himself.
The plaintiff failed to establish, by a preponderance of the evidence, that the defendant breached its duty of care by failing to keep the aisle reasonably safe or free of any hazardous conditions which reasonably might give rise to damage. The plaintiff presented no evidence that the shopping cart was defective or that the two 10-pound bags of soil sitting in the cart created an unreasonable hazard or condition that the store owner failed to discover and remove from the passageway within a reasonable time. Additionally, there is no evidence that the store was negligently understaffed at the time of the accident. The fact that K-Mart elected to station one employee in the garden department, at the time of the year when the accident occurred, was not unreasonable.
Accordingly, the judgment of the district court is reversed and the plaintiff's suit is dismissed at her cost.
REVERSED AND RENDERED.