690 So.2d 1009 (1997)
Greta WHITT
v.
WAL-MART STORES, INC.
No. 96-CA-906.
Court of Appeal of Louisiana, Fifth Circuit.
March 12, 1997.
Rehearing Denied April 17, 1997.
*1010 Roy C. Beard, Keith M. Matulich, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, for Defendant/Appellant.
Allen H. Borne, Jr., New Orleans, for Plaintiff/Appellee.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
Wal-Mart Stores, Inc. appeals a judgment of the trial court in a tort case which found for the plaintiff, Greta Whitt, after a one day bench trial on the merits. The plaintiff in this matter answered the appeal asking this court to reconsider the trial court's grant of general damages and the trial court's reduction of plaintiff's special damages. Additionally the plaintiff has asked for attorney's fees and damages for frivolous appeal.
Ms. Whitt filed suit for damages which were incurred on January 6, 1994 while she was in a Wal-Mart store shopping for a vacuum cleaner. While she was in the vacuum cleaner aisle a ladder fell off the shelves above and hit Ms. Whitt on the head and neck. As a result of the accident Ms. Whitt missed two weeks of work and made a lost wages claim for $112.81.
Two weeks later Ms. Whitt was still having muscle spasms and pain in her neck and she went to see her primary care doctor who gave her pain medication and referred her to a chiropractor, Dr. Jeffery Jones. Ms. Whitt was given chiropractic treatment for six months. By the time of her release from treatment she was no longer experiencing any pain.
*1011 At the trial on the merits Ms. Whitt was the only witness to testify. Ms. Whitt testified that she did not know what caused the ladder to fall on top of her. Ms. Whitt further testified to her injuries and treatment based upon a medical report which was stipulated to by the defense. The defense on cross examination only asked Ms. Whitt if she had noticed the ladder before it fell. Ms. Whitt replied that she had not. The defense asked no further questions, and failed to call upon any witnesses or introduce any evidence in this case.
After plaintiff's testimony the defense made a motion for involuntary dismissal under C.C.P Art. 1672. The court denied this motion stating that because the defendant did not testify the court must take the plaintiff testimony at face value. The court also stated that he believed the plaintiff had put on a prima facie case, that something under the control of the store was responsible for the injury, and that the store should have adequate safety procedures. The court found for the plaintiff and awarded her $45.00 for her visit to her primary care physician, $112.81 for lost wages and $4500 general damages for pain and suffering. The trial judge awarded the plaintiff only $2000 of the $4035 chiropractic bill submitted stating that he believed that the plaintiff had been over treated and only three months of treatment overall was necessary.
In addition to the sworn testimony of the plaintiff the record contains a statement of the plaintiff's lost wages and a copy of her medical bill from Dr. Jeffery Jones.
On appeal, defendants argue two assignments. In the first they argue that the trail court erred in deciding this case based upon the doctrine of res ipsa loquitur. The trial court did not in fact apply the doctrine of res ipsa loquitur in this case. Although during defendant's argument for involuntary dismissal the court asked the defense "what about res ipsa loquitur?" the court did not in fact make any finding of res ipsa loquitur and instead based its judgments on a finding that plaintiff proved, by a preponderance of the evidence, a prima facie case of liability.
"I think Plaintiff has put on a prima facie case that she was in the store and that something that was under the control of the store, either placed there by an employee or a customerif it was placed there by a customer, you know, the store should have adequate procedures to ensure the safety of people, and so I'm going to deny it. I think they have proved a case."
Prima face evidence is sufficient to establish a given fact, which, if not rebutted or contradicted, will remain sufficient. W. Handlin Marine v. Gulf States Marine, 624 So.2d 907 (La.App. 5 Cir.1993), writ denied, 93-2851 (La.1/13/94), 631 So.2d 1166. The court did not make a finding based on res ipsa loquitur, rather it made a simple liability finding based upon plaintiff's uncontested testimony, therefore we find no merit in this assignment.
In their second assignment of error defense argues that the court erred in concluding that Wal-Mart was negligent when the plaintiff introduced no evidence that the ladder's placement constituted an unreasonably dangerous condition, or that Wal-Mart employees had any actual or constructive notice of any unreasonably dangerous condition.
In order to find a merchant liable the claimant shall have the burden of proving that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
"Constructive notice" means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6.
Ms. Whitt testified that while she was looking at vacuum cleaners in the aisle of the Wal-Mart store, the ladder that was standing on the shelves fell and hit her on the neck. The fact that the ladder fell without being touched by the plaintiff and without *1012 any customers in the area, however, establishes circumstantial evidence that the condition of the ladder presented an unreasonable risk of harm. Circumstantial evidence is sufficient to meet the burden of preponderance, "Proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not." Lasha v. Olin Corp., 625 So.2d 1002 (La. 1993).
The Supreme Court held in a similar case, where cans fell from an upper shelf and injured a supermarket customer, that where circumstantial evidence established that the condition of the shelf created an unreasonable risk of harm the burden shifts and the "owner had a burden to prove that it did not create a hazard and that its employees exercised the degree of care that would lead to discovery of most hazards." Matthews v. Schwegmann Giant Supermarkets Inc., 559 So.2d 488 (La.1990), reh. denied, 561 So.2d 110 (La.1990), recon. denied 564 So.2d 311 (La.1990). Wal-Mart in this case, by neglecting to put on any testimony or evidence, failed to meet that burden. Therefore, we find that the judgment for the plaintiff is correct.
Plaintiff, in the answer, assigns three errors. First, plaintiff argues that the trial court erred in reducing the bills of the chiropractor without any evidence being introduced that the bills and/or treatment were excessive. Plaintiff is correct in this assignment. This court has said previously that in the case such as this where defendant had stipulated to the medical damages, "the trial court is bound to recognize plaintiff's entitlement to the stipulated medicals". Cross v. Hingle, 475 So.2d 1384 (La.App. 5 Cir.1985). Furthermore, this court has held previously that a "tortfeasor is required to pay for medical treatment of his victim, even for over treatment or unnecessary treatment, unless such treatment was incurred by the victim in bad faith." Sumrall v. Sumrall, 612 So.2d 1010, 1014 (La.App. 2nd Cir.1993). Absent a showing of bad faith, denial of past medical expenses is an error of law. Orgeron v. Prescott, 93-926 (La.App. 5 Cir. 4/14/94), 636 So.2d 1033, writ denied, 94-1895 (La.10/28/94), 644 So.2d 654. Defendant in this case did not make any showing of bad faith or overtreatment, nor did defendant brief this issue. Therefore, the trial judge abused his discretion in reducing the plaintiff's medical expenses, and accordingly we award plaintiff the full amount of those expenses.
In her second assignment of error, plaintiff argues that the defendant has taken a frivolous appeal. In order for an appeal to be considered frivolous it must be taken solely for delay or lacking in sincerity. Metropolitan Reporters, Inc. v. Avery, 95-504 (La. App 5 Cir. 11/28/95), 665 So.2d 547. We do not find that Wal-Mart's appeal was taken solely for delay or lacking in sincerity. Thus, we find no merit in this assignment.
Plaintiff further argued that the trial court erred in not fully compensating Ms. Whitt for her pain and suffering.
The Louisiana Supreme Court, in the case of Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994) set forth the guidelines for appellate review of damage awards:
"The discretion vested in the trier of fact is `great,' and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award."
The trial court's award to Ms. Whitt of $4500 in general damages was certainly one which a reasonable trier of fact could assess, and therefore this court will not disturb the award.
For the foregoing reasons, we amend the trial court's judgment to award plaintiff $4035 for medical and chiropractic treatment. As amended, we affirm the judgment of the *1013 trial court. Costs of this appeal are cast against appellant.
AMENDED, AS AMENDED, AFFIRMED.