_[i_FOGG, Judge,
dissenting.
Tort claims against merchants for injuries caused by slips and falls on their premises and for injuries resulting from objects falling on their patrons are regulated by LSA-R.S. 9:2800.6. As amended in 1990, that statute provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care.
Section B, which is the part of this statute that was amended in 1990, applies to slip and fall cases. It does not apply to falling merchandise cases. See e.g., Brungart v. K Mart, 95-0708 (La.App. 1 Cir. 2/23/96), 668 So.2d 1335, writ denied 96-0763 (La. 5/3/96), 672 So.2d 686; Edwards v. K & B Inc., 26,002 (La.App. 2 Cir. 8/17/94), 641 So.2d 1040; Retif v. Doe, 93-1104 (La.App. 4 Cir. 2/11/94), 632 So.2d 405, writ denied, 94-1000 (La. 6/17/94), 638 So.2d 1095. Falling |2merchandise claims are governed by the principles stated in R.S. 9:2800.6A, the language of which has remained the same since its enactment in 1988. Brungart v. K Mart Corp., 95-0708 (La.App. 1 Cir. 2/23/96), 668 So.2d 1335, writ denied, 96-0763 (La. 5/3/96), 672 So.2d 686; Retif v. Doe, 632 So.2d at 408. Therefore, the amendment of LSA-R.S. 9:2800.6 in 1990 did not change the law applicable to falling merchandise claims.
LSA-R.S.9:2800.6A provides that a merchant must use reasonable care to keep his aisles, passageways and floors in a reasonably safe condition, free of hazards that may cause injury. A plaintiff who is injured by falling merchandise must prove that a premise hazard existed, and may do so by circumstantial evidence. Once the plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic cleanup and inspection procedures. Edwards, 641 So.2d at 1045.
*1235 The threshold question in this case is whether plaintiff’s testimony alone is sufficient to carry her burden of proving a premise hazard existed. The supreme court addressed this issue with respect to falling merchandise only once; that was in the case of Matthews v. Schwegmann Giant Supermarkets, Inc., 559 So.2d 488 (La.1990).[1] In that case, the evidence established that cans fell from a shelf in the supermarket without being touched by plaintiff and without any other customers in the area. The court found that “[t]his circumstantial evidence ... established that the condition of the shelf presented an unreasonable risk' of harm which caused plaintiff’s injury. ^Defendant therefore had the burden to prove that it did not create the hazard and that its employees exercised the degree of care which would lead to discovery of most hazards.” Matthews, 559 So.2d at 488.
The Fifth Circuit relied on Matthews in the case of Whitt v. Wal-Mart Stores, Inc., 96-906 (La.App. 5 Cir. 3/12/97), 690 So.2d 1009, which involved an accident that occurred in 1994.. Therein, Ms. Whitt was looking at vacuum cleaners when a ladder that was standing on the shelves fell and hit her on the neck. “The fact that the ladder fell without being touched by the plaintiff and without any customers in the area ... established] circumstantial evidence that the condition of the ladder presented an unreasonable risk of harm.” Whitt, 690 So.2d at 1011-1012.
In the instant case, the trial court made the factual determinations that the toy fell and that no one knocked it off the shelf. Therefore, applying the above jurisprudence, I find no manifest error in the trial court’s factual determination that, by her testimony, plaintiff proved by a preponderance of the evidence that a premise hazard existed. For the foregoing reasons, I respectfully dissent.

. As the law remained the same with respect to falling merchandise cases after the 1990 amendment of LSA-R.S. 9:2800.6, the Matthews case, which dealt with a pre-1990 accident and applied Section A, is good law and applies to this case.