STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-183


B. GUTTRY

VERSUS

COSTCO WHOLESALE CORPORATION, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20187314
HONORABLE VALERIE C. GOTCH GARRETT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.


AFFIRMED.

**Arthur W. Landry**
**Andry & Andry**
**710 Carondelet St., 1st Floor**
**New Orleans, LA 70130**
**(504) 581-4334**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Costco Wholesale Corporation**

**Tracy P. Curtis**
**The Glenn Armentor Law Corp.**
**300 Stewart St.**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Barbara G. Guttry**

**Adam Paul Gulotta**
**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70505**
**(337) 235-2405**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Costco Wholesale Corporation**

**Amigo Mobility International, Inc.**
**In Proper Person**
**6693 Dixie Highway**
**Bridgeport, MI 48722**

**EZELL, Judge.**

Barbara Guttry appeals the decision of the trial court granting summary judgment in favor of Costco Wholesale Corporation. For the following reasons, we hereby affirm the decision of the trial court.

Mrs. Guttry went to Costco in Lafayette, Louisiana on December 14, 2017, to pick up a prescription and to do other shopping. Due to the size of the store, Mrs. Guttry, who could walk normally, decided to ride a motorized shopping cart for convenience. When she reached the pharmacy counter on the scooter, she had to essentially parallel park alongside the counter in order to reach the credit card machine. To the immediate right of the counter as she approached was a three foot, eleven-and-a-half-inch high concrete post. The post was ten-and-a-half inches in circumference, painted bright red, and was at direct eye level of Mrs. Guttry on the scooter. When she approached the counter, Mrs. Guttry basically turned left to go parallel to the counter, then backed up with her back to the post. After obtaining her prescription, Mrs. Guttry meant to move the scooter forward. Instead, she moved backward, causing her to hit her head on the post. She then filed the current suit alleging she sustained injuries as a result of the accident.

After discovery, Costco moved for summary judgment, asserting that Mrs. Guttry failed to bring forth evidence that the post presented an unreasonably dangerous condition. The trial court agreed, granting Costco's motion for summary judgment. From that decision, Mrs. Guttry appeals.

Mrs. Guttry asserts three assignments of error on appeal: she claims that the trial court erred in basing its ruling on an allegedly incorrect fact finding that Mrs. Guttry got off the scooter and inadvertently reversed, rather than finding the scooter malfunctioned; she claims the trial court erred in applying La.R.S. 9:2800.6,

rather than La.Civ.Code art. 2317.1; and finally, she claims that the trial court erred in finding Costco did not have notice of the alleged unreasonably dangerous condition, when they constructed it. Because all three assignments of error deal with the granting of the motion for summary judgment, we will address them as one.[1]

The summary judgment procedure is favored and "designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ. Proc. art. 966(D)(1).

Appellate courts review the grant or denial of a motion for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment

---

[1] Mrs. Guttry attached a copy of a judgment denying her motion for new trial to her brief to this court. However, while she mentions the motion for new trial in passing in brief, its denial was not assigned as error. Moreover, she conceded at the hearing on the motion for new trial that it should be denied. Accordingly, we will not address the grant of that motion.

as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882-83; La.Code Civ.P. art. 966(A)(3).

Louisiana law requires merchants to exercise reasonable care to protect those who enter their stores, to keep their premises safe from unreasonable risks of harm, and to warn patrons of known dangers. *Retif v. Doe*, 93-1104 (La.App. 4 Cir. 2/11/94); 632 So.2d 405, *writ denied*, 94-1000 (La. 6/17/94), 638 So.2d 1095. A store owner, however, is not required to ensure against all possibilities of an accident occurring on his premises. *Tobin v. Wal–Mart Stores, Inc.*, 575 So.2d 946, (La.App. 2 Cir.), *writ denied*, 580 So.2d 923 (La.1991). Nor is he absolutely liable whenever an accident happens. *Retif*, 632 So.2d 405.

Louisiana Revised Statute 9:2800.6 sets forth the duties imposed on a merchant under general negligence law for the protection of those persons lawfully on the merchant's premises. It reads, in pertinent part:

> (A) A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

> (B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal

3

uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

The Louisiana Supreme Court held in *Smith v. Toys "R" Us, Inc., et al.*, 98-2085 (La. 11/30/99), 754 So.2d 209, that the heightened burden under La.R.S. 9:2800.6(B) is applicable only in situations where a customer "falls" on a merchant's premises. In a case falling under La.R.S. 9:2800.6(A), as in the matter before us, the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. Further, a plaintiff who is injured by an alleged hazard under La.R.S. 9:2800.6(A) must prove, even by circumstantial evidence, that a premise hazard existed. *Smith*, 754 So.2d 209. Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures. *Id*.

To determine whether a condition is unreasonably dangerous, courts are required to consider the following factors in the risk-utility test: (1) the utility of the complained of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost to prevent the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Bufkin v. Felipe's*, 14-288 (La. 10/15/14), 171 So.3d 851, 856.

The second element of the risk-utility balancing test focuses on whether the allegedly dangerous or defective condition was obvious and apparent. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no

4

duty to the plaintiff. *Pitre v. La. Tech Univ.*, 95-1466, 95-1487 (La. 5/10/96), 673 So.2d 585, *cert. denied*, 519 U.S. 1007, 117 S.Ct. 509 (1996). A motion for summary judgment is a proper procedural vehicle for the trial court to address the issue of whether an alleged defect is open and obvious. *Smith v. State through Dep't of Transp. & Dev.*, 21-192 (La.App. 3 Cir. 3/3/22), ___So.3d___.

Based on a review of the record before this court, there is no evidence whatsoever that the condition of the post or the pharmacy area at Costco created an unreasonable risk of harm. Mrs. Guttry put on no evidence or testimony asserting that there was faulty design in the placement of the post, that it failed to meet any code, or that it was not visible to a reasonable observer. Again, the record shows the post was bright red, almost four feet in height, and at direct eye level to Mrs. Guttry. It was open, obvious, and plainly visible to a reasonable observer. The mere presence of impediments in a store does not create an unreasonable risk of harm when the condition is open and obvious. *Rodriguez v. Dolgencorp, LLC*, 14-1725 (La. 11/14/14), 152 So.3d 871.

The only evidence Mrs. Guttry offered in opposition to the motion for summary judgment was her own conflicting, self-serving testimony. Therein, she stated that there were no boxes or people in front of the pole or other obstructions to her view. Her only criticism concerning the visibility of the pole was that it was not visible when she was looking the other direction. That a merchant cannot and need not ensure that a patron can see what is behind them is so obvious as to need no citation of authority.

Likewise, Mrs. Guttry put on no evidence as to the functionality of the mobility cart. Costco's manager, Ross Verduzco, stated in his affidavit that there had never been any complaints of malfunctions with any motorized cart, including

the one Mrs. Guttry used the day in question. That cart was examined, driven, and found to be in working order after the incident. Again, the only evidence offered to counter that assertion was Mrs. Guttry's testimony. While she did make a self-serving, conclusory claim that the cart malfunctioned - again without any evidentiary support from any expert or otherwise - Mrs. Guttry testified that when the accident occurred, she "thought it would move forward, but I backed up into the post." When asked if she "accidentally went in reverse," Mrs. Guttry answered, "correct." She further testified that she thought she could have accidentally pushed the reverse button before striking the pole. Where a party opposing a motion for summary judgment presents her own self-serving testimony, where that testimony contains significant discrepancies, the general rule that a court must accept such testimony as credible on a motion for summary judgment does not apply. *Smith*, ___So.3d___.

Simply put, there is a complete and total lack of credible evidence that either the cart malfunctioned, or that the large red post presented an unreasonably dangerous condition. Thus, Mrs. Guttry failed to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial as required by law.

Mrs. Guttry further claims that the trial court erred in its decision regarding Costco's knowledge of the allegedly unreasonably dangerous condition of the pole, as the pole was built by Costco and had been in the store since its opening. However, neither this court nor the trial court need address Costco's knowledge of

any alleged hazard because Mrs. Guttry failed to show that the open and obvious post presented an unreasonably dangerous condition in the first place.[2]

We find Mrs. Guttry has failed to produce factual support sufficient to establish the existence of a genuine issue of material fact regarding the open and obvious nature of the pole at issue.  Therefore, Costco is entitled to judgment as a matter of law, and we find the trial court correctly granted Costco's motion for summary judgment.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are hereby assessed against Mrs. Guttry.

**AFFIRMED.**

---

[2] Mrs. Guttry also claims in brief that the trial court erred in not applying La.Civ.Code art. 2317 to this matter.  While we find La.R.S. 9:2800.6 applies to this merchant claim, we will note for the sake of thoroughness that under both theories of liability, a plaintiff must prove that the condition of the thing presented an unreasonable risk of harm, or was defective, and that this condition of the thing was a cause-in-fact of her injuries.  As we find she failed to do so, summary judgment was appropriate in this matter, regardless of the statutes applied.