JzSHORTESS, Judge.
On December 11, 1990, Sara K. Smith (Smith) was Christmas shopping at one of the Toys R Us stores owned by Toys “R” Us, Inc. (defendant), in Baton Rouge, Louisiana. She was in the area of the children’s riding toys, shopping for a riding toy for her son. In Toys R Us, unlike most other stores, customers only view the toys on the shelves. The customers then take a specified ticket for the toy of their choice to another area of the store to get the desired item. Smith was standing in the aisle reading the ticket of the toy she was going to purchase, when allegedly a car on the shelf above her fell and struck her hand. An employee located the manager, Smith filled out an accident report, and then she completed her shopping. Smith and her spouse, H. David Smith (plaintiffs), filed a petition for damages against defendant, ABC Insurance Company, John Doe,[1] and Paula Taylor[2] for creating an unreasonably dangerous condition by negligently stacking the toys and failing to maintain the area properly. After trial on the merits, the trial court dismissed with prejudice the suit against Paula Taylor and granted a judgment against defendant, in favor of Smith in the sum of $147,293.65, and in favor of her husband in the sum of $4,500.00.[3] Defendant has appealed. Plaintiffs have answered the appeal seeking additional damages. The judgment dismissing the suit against Taylor has become final.
Defendant’s assignments of error state the trial court committed manifest error: 1) in concluding plaintiffs met their burden of proving a prima facie hazardous condition without evidence of corroborative circumstantial evidence; and 2) in concluding defendant did not demonstrate reasonable care in its safety and inspection procedures, which was contrary to the trial testimony. Finally, defendant contends the trial court abused its discretion in failing to grant a new trial to hear the testimony of a witness whom the court deemed critical and could not be located in spite of uncontroverted due diligence.
I «ARGUMENT
Defendant contends plaintiffs failed to prove Smith was actually hit by a toy because the accident report filled out by plaintiff and the manager of the store described the location of the accident area as “clean/ dry.” Also, the assistant manager, Charles Yankowsky, testified any unsafe condition on the floor would have been noted on the form, and it was not in this case. Furthermore, defendant asserts Smith’s testimony merely established she'was struck by a toy, and not that a hazardous condition existed. Therefore, it contends the trial court’s decision was nothing more than a strict-liability finding, which is in clear conflict with the state’s established law in falling-merchandise cases.
Louisiana Revised Statute 9:2800.6(A) provides the merchant’s duty in cases of falling merchandise:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. *1233 This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
In Brungart v. KMart Corp.,[4] we held,
These principles require merchants to exercise reasonable care to protect those who enter the store and extend to keeping the premises safe from unreasonable risks of harm and warning persons of known dangers.
Store owners, however, are not required to ensure against all accidents that occur on the premises. They are not absolutely liable whenever an accident happens.
(Citations omitted.)
In the court’s oral reasons for judgment, it stated:
I was extremely impressed with Mrs. Smith’s testimony as to how this accident occurred. I am of the opinion that she did not do anything whatsoever to cause the toy car to fall. One of the pictures that was referenced in the testimony reflected a toy with part of its wheel, I think, extending over the shelf — a no-no according to Mr. Yankowsky. I believe that the falling toy in this ease falls under the duty that’s owed by the storeowner to the customer. The fact that the accident report does not reflect a foreign substance on the floor— you’re not going to find a foreign substance. A large plastic toy fell off in the floor.
|4Mrs. Smith was not advised by the store manager “you should stay here until somebody can identify the particular thing that hit you.” She was taken to the front. She can’t testify who put the toy back up. Because I know it fell; I know that from a credibility standpoint.
So, I certainly believe liability has been proven, has not been proven perhaps as well as it could have been, but it has been proven sufficiently for this court to find liability.
The court concluded from Smith’s testimony the toy did fall, and she did not cause the accident. However, this finding alone is not sufficient to find defendant liable for the accident. The only other evidence the court references is a picture of the store aisle where one of the toy’s wheels was “extending over the shelf.” But the record reveals this picture was taken after the accident occurred and was not an accurate representation of the way the area looked at the time of the accident.[5] The law requires that “[a] plaintiff who is injured by falling merchandise must prove that a premise hazard existed, and may do so by circumstantial evidence.” (Emphasis added.)[6] The court did not find a hazardous condition; therefore it committed legal error. Inasmuch as the trial court committed legal error, we will now proceed with a de novo review[7] of the record to determine whether Smith proved a hazardous condition existed at the time of the accident.
Smith testified she was reading a ticket for the item she wanted to purchase when she looked up and saw a toy falling from the shelf. She stated she raised her hand to deflect the item and it hit her hand, twisted her thumb back, and knocked her down. Smith went on further to testify she did not see anyone bump or knock the shelf and was not sure what caused the item to fall. No evidence was presented that the *1234 shelf was improperly constructed or the toy was improperly on the shelf or anything else which can be considered to be some type of hazardous condition. Due to the absence of these factors and considering the entire record, [5we find plaintiffs failed to prove by a preponderance of the evidence that defendant did not exercise reasonable care and maintained a hazardous condition, which was the cause of her accident. The judgment in favor of plaintiffs and against defendant must be reversed.
Based upon the above findings, the other assignments of error are moot. In addition, the answer to the appeal filed by plaintiffs requesting an increase in their award is moot as well.
CONCLUSION
For the foregoing reasons, the judgment against Toys “R” Us awarding Sara K. Smith $147,293.65 and H. David Smith $4,500.00 in damages is reversed. In all other respects, the judgment is affirmed. All costs are assessed to plaintiffs.
REVERSED AND RENDERED.
FOGG, J., dissents and assigns written reasons.
CARTER, J., dissents for reasons assigned by FOGG, J.

. ABC Insurance Company and John Doe were fictitious defendants.

. Taylor was the manager of Toys “R” Us in Baton Rouge.

.Defendant was also cast for the costs of plaintiffs’ expert witnesses, Dr. Kenneth Cranor and Dr. Ann F. Reilley, for $800.00 and $400.00, respectively.

. 95-0708, p. 5 (La.App. 1st Cir. 2/23/96), 668 So.2d 1335, 1339, writ denied 96-0763 (La. 5/3/96), 672 So.2d 686.

. In fact, plaintiff testified the area appeared quite different in the picture than when the accident occurred, for the toy that she claimed injured her was on the bottom shelf in that picture.

. Edwards v. K & B, Inc., 26002, p. 5 (La.App.2d Cir. 8/17/94), 641 So.2d 1040, 1045.

. See Ferrell v. Fireman’s Fund, 94-1252, p. 7 (La. 2/20/95), 650 So.2d 742, 747. Therein, the supreme court instructs courts of appeal that when legal error interdicts the fact-finding process, the appellate court should make its own independent de novo review to determine a preponderance of the evidence and enter whatever judgment is appropriate in the case.
Later, in Thompson v. State, 97-0293, p. 4 (La. 10/31/97), 701 So.2d 952, 956, Justice Traylor, for the majority, cited Ferrell and held: "[Wjhen the court of appeal finds that a reversible error of law ... was, made in. the trial court, it is required, whenever possible, to redetermine the facts de novo from the entire record and fender a judgment on the merits.”