754 So.2d 209 (1999)
Sara K. SMITH, et al.
v.
TOYS "R" US, INC., et al.
No. 98-C-2085.
Supreme Court of Louisiana.
November 30, 1999.
*210 Maxwell Gantt Kees, Sr., Charles Andrew O'Brien, III, Baton Rouge, Counsel for Applicant.
William Francis Bologna, Julien F. Jurgens, Habans, Bologna & Carrier, New Orleans, Counsel for Respondent.
Geoffrey Jacob Orr, Metairie, Counsel for Wal-Mart Stores, Inc., Amicus Curiae.
LEMMON, Justice.[*]
This is a "falling merchandise" case which raises the issue of the required proof, through direct and circumstantial evidence, of the existence of a hazardous condition on a merchant's premises under La.Rev.Stat. 9:2800.6A.

Facts
On December 11, 1990, at approximately 12:40 p.m., Sara Smith was shopping at the Baton Rouge Toys "R" Us store. She was in the area where large riding toys for children were displayed on the shelves.
Under Toys "R" Us' policy, a customer only looks at the toys on the shelves and does not remove a toy from the shelf for purchase. Instead, the customer takes a specified ticket for the chosen item to another area of the store to pick up the item.
According to Mrs. Smith, she was in the aisle alone looking at the instructions on the ticket for the toy she had chosen. She looked up to see a large red toy falling toward her from the upper shelf. She threw up her right hand to deflect the toy, but the toy caught her thumb and bent it back. She emphatically denied that she had touched the toy or the upper shelf from which it had fallen.
The manager on duty, Mike Fiedler, was summoned to the scene by an unidentified store employee. Mrs. Smith then accompanied Fiedler to the front of the store, where he took Mrs. Smith's statement,[1] completed an incident report, and gave Mrs. Smith ice for her hand. Following the incident, Mrs. Smith underwent substantial medical treatment, including surgery, for the wrist injuries.
*211 Mrs. Smith subsequently filed this action. At the trial, Toys "R" Us denied that an accident occurred, challenging Mrs. Smith's version of the events. For example, Toys "R" Us suggested that it would have been highly unlikely that Mrs. Smith would have been alone in an aisle of a high-volume toy store during the lunch hour at the height of the Christmas season. No customers or store employees witnessed the accident, but Charles Yankowsky, a former assistant store director, asserted that a store employee would have been stationed in the vicinity of the aisle during peak shopping periods to assist customers with their purchases and to ensure that merchandise was displayed neatly and safely.
The manager's report of Mrs. Smith's accident did not mention a red toy car. Cherri Hines, the Toys "R" Us store director at the time of trial, testified that although the incident report does not specifically ask for a description of any toy alleged to have contributed to the accident, company procedure required that a description of any toy or other item found to be involved in an incident be noted in the manager's report of the incident. Moreover, while the name of the employee who reported the incident was not mentioned in the manager's report, Ms. Hines testified that company procedures required the manager to note on his report the name of the employee reporting an accident and to take a separate statement from that employee.
At the close of the evidence, the trial judge rendered judgment in favor of Mrs. Smith. In oral reasons for judgment, the trial judge stated:
How did the accident happen? Mrs. Smith said it fell off without her having touched the car, she was not involved in causing it to fall. Obviously, if it's stacked on the shelf properly it should not have fallen.
. . .
I was extremely impressed with Mrs. Smith's testimony as to how this accident occurred. I am of the opinion that she did not do anything whatsoever to cause the toy car to fall. One of the pictures that was referenced in the testimony reflected a toy with part of its wheel, I think, extending over the shelfa no-no according to Mr. Yankowsky. I believe that the falling toy in this case falls under the duty that's owed by the storeowner to the customer. The fact that the accident report does not reflect a foreign substance on the flooryou're not going to find a foreign substance. A large plastic toy fell off in the floor.
Mrs. Smith was not advised by the store manager "You should stay here until somebody can identify the particular thing that hit you." She was taken to the front. She can't testify who put the toy back up. Because I know it fell; I know that from a credibility standpoint.
So, I certainly believe liability has been proven, has not been proven perhaps as well as it could have been, but it has been proven sufficiently for this court to find liability.
The judgment awarded Mrs. Smith $120,000 in general damages and $27,293.65 in medical expenses, as well as $4,500 to her husband for loss of consortium.
The court of appeal reversed in a divided five-judge decision. Smith v. Toys "R" Us, Inc., 97-1222 (La.App. 1st Cir.6/30/98), 715 So.2d 1231. The court recognized the trial judge's factual finding that a toy fell from the upper shelf through no fault of Mrs. Smith. However, the court concluded that Mrs. Smith had failed to meet her burden of proving that the toy fell because of a hazardous condition on the merchant's premises, stating:
The court concluded from Smith's testimony the toy did fall, and she did not cause the accident. However, this finding alone is not sufficient to find defendant liable for the accident. The only *212 other evidence the court references is a picture of the store aisle where one of the toy's wheels was "extending over the shelf." But the record reveals this picture was taken after the accident occurred and was not an accurate representation of the way the area looked at the time of the accident. The law requires that "[a] plaintiff who is injured by falling merchandise must prove that a premise hazard existed, and may do so by circumstantial evidence." The court did not find a hazardous condition; therefore it committed legal error. (footnotes omitted).
97-1222, p. 4, 715 So.2d at 1233.
After ruling there was legal error by the trial court, the court of appeal conducted a de novo review of the record. The court concluded that plaintiffs had presented no evidence that "the shelf was improperly constructed or the toy was improperly on the shelf or anything else which can be considered to be some type of hazardous condition." Id., p. 4, 715 So.2d at 1234.
The two dissenters, relying on Matthews v. Schwegmann Giant Supermarkets, Inc., 559 So.2d 488 (La.1990), opined that since the merchandise fell from a shelf without being touched by Mrs. Smith and without any other customers in the area, Mrs. Smith proved by circumstantial evidence that a hazardous condition, more probably than not, caused the merchandise to fall.
This court granted Mrs. Smith's application for certiorari to consider the proof of negligence necessary in a falling merchandise case involving circumstantial evidence. Smith v. Toys "R" Us, Inc., 98-2085 (La.11/13/98), 728 So.2d 874.

Falling Merchandise Cases
This is a falling merchandise case under La.Rev.Stat. 9:2800.6A, which provides:
A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.[2]
The only pronouncement of this court in a falling merchandise case was the per curiam opinion in Matthews v. Schwegmann Giant Supermarkets Inc., 559 So.2d 488 (La.1990), in which the plaintiff was injured by cans falling from the shelf in a supermarket. The plaintiff had not touched the cans, and there were no other customers in the area. This court stated:
The evidence, viewed in the light most favorable to the party which prevailed in the trial court, established that the cans fell from the shelf in the supermarket without being touched by plaintiff and without any other customers in the area. This circumstantial evidence therefore established that the condition of the shelf presented an unreasonable risk of harm which caused plaintiff's injury. Defendant therefore had the burden to prove that it did not create the hazard and that its employees exercised the degree of care which would lead to discovery of most hazards. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984). Defendant failed to carry that burden.
Matthews, 559 So.2d at 488.
Subsequent cases from the intermediate courts have recognized that a plaintiff who is injured by falling merchandise must prove, by direct and circumstantial evidence, that a premise hazard existed. Once the plaintiff establishes a prima facie case of a premise hazard, the defendant has the burden of producing evidence to exculpate itself from fault by showing that it did not create the hazard and that its employees exercised such reasonable care that would have discovered the hazard, such as by periodic cleanup and inspection procedures. See, e.g., Lapeyrouse v. Wal-Mart Stores, Inc., 98-547 (La.App. *213 5th Cir.12/16/98), 725 So.2d 61; Leonard v. Wal-Mart Stores, Inc., 97-2154 (La.App. 1st Cir.11/6/98), 721 So.2d 1059; Edwards v. K & B, Inc., 26,002 (La.App.2d Cir.8/17/94), 641 So.2d 1040; Courville v. Piggly Wiggly Bunkie Co., 614 So.2d 1366 (La.App. 3d Cir.1993). The court of appeal in Whitt v. Wal-Mart Stores, Inc., 96-906 at 5 (La.App. 5th Cir.3/12/97), 690 So.2d 1009, 1011-12, noted:
Ms. Whitt testified that while she was looking at vacuum cleaners in the aisle of the Wal-Mart store, the ladder that was standing on the shelves fell and hit her in the neck. The fact that the ladder fell without being touched by the plaintiff and without any customers in the area, however, establishes circumstantial evidence that the condition of the ladder presented an unreasonable risk of harm. Circumstantial evidence is sufficient to meet the burden of preponderance. "Proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not." Lasha v. Olin Corp., 625 So.2d 1002 (La. 1993). (emphasis added).

Circumstantial Evidence
In Cangelosi v. Our Lady of the Lake Regional Medical Ctr., 564 So.2d 654, 664-65 (La.1989), this court discussed the application of the preponderance of the evidence standard in cases involving circumstantial evidence, as follows:
In an action to recover damages for injuries allegedly caused by another's negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows that the fact or causation sought to be proved is more probable than not. Boudreaux v. American Insurance Co., 262 La. 721, 264 So.2d 621 (1972). Thus, the plaintiff in this type of action must produce evidence from which the factfinder can reasonably conclude that his injuries, more probably than not, were caused by the negligence of the particular defendant. The plaintiff, however, does not have to conclusively exclude all other possible explanations for his injuries, because the standard is not proof beyond a reasonable doubt. Restatement (Second) of Torts § 328D (1965); W. Prosser & W. Keeton, The Law of Torts § 39 at 248 (5th ed.1984); Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (1963); Boudreaux v. American Insurance Co., supra. Placing the burden of proof on the plaintiff requires him ultimately to persuade the factfinder concerning the defendant's negligence, and if the factfinder is undecided after all the evidence has been presented, the plaintiff loses because of the failure of his evidence. Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.LawRev. 70, 88 (1941).
As previously noted, the proof may be by direct or circumstantial evidence. See Jordan v. Travelers Insurance Co., supra. A fact established by direct evidence is one which has been testified to by witnesses as having come under the cognizance of their senses. J. Wigmore, Evidence § 25, at 954 (1983). Circumstantial evidence, on the other hand, "is evidence of one fact, or of a set of facts, from which the existence of the fact to be determined may reasonably be inferred". W. Prosser & W. Keeton, supra, § 39, at 242.
Use of circumstantial evidence and the deductions and inferences arising therefrom is a common process for establishing liability in negligence cases. Malone, supra, at 71. However, the inferences drawn from the circumstantial evidence must cover all the necessary elements of negligence, and the plaintiff must still sustain the burden of proving *214 that his injuries were more likely than not the result of the defendant's negligence. W. Prosser & W. Keeton, supra, § 39, at 243.[3] (footnotes omitted).

Necessary Evidence in Falling Merchandise Cases
In Louisiana's three-tiered judicial system, the function of finding facts is allocated to the trial courts. In Canter v. Koehring, Co., 283 So.2d 716, 724 (La. 1973), this court stated:
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
The issue for the reviewing court is not whether the trier of fact was wrong, but whether the factfinder's conclusions were reasonable under the evidence presented. In the present case, the factual determinations by the trial judge that a large toy fell from the upper shelf on to Mrs. Smith's hand and that neither she nor any other customer in the area caused the toy to fall were reasonably supported by the evidence.
Mrs. Smith testified that she was alone in the aisle at the time of the accident, and that the toy in question fell without being touched by her. There was no direct evidence to contradict her testimony. The trial judge found Mrs. Smith's testimony to be very credible and further found that her testimony was confirmed by the fact that she immediately sought and received medical treatment for her thumb, the part of her body that she claimed was injured in the accident.
Additionally, Mrs. Smith testified that the toy was on the floor when the manager arrived at the scene and escorted her to the front of the store. The fact that the incident report fails to mention the toy does not prove that it was not there, as Toys "R" Us argues.
Nevertheless, proof that an accident occurred does not fulfill the plaintiffs burden in a falling merchandise case. The plaintiff must further prove that the merchant's negligence was a cause of the accident.
In the present case, the determination of the cause of the toy's falling from the shelf raises three possibilities: (1) Mrs. Smith knocked the toy from the shelf; (2) another customer in the area knocked the toy from the shelf; or (3) a store employee or another customer, at some time before *215 Mrs. Smith entered the aisle, placed the toy in an unsafe position on the shelf[4] or otherwise caused the toy to be in such a precarious position that the toy eventually fell. Because Mrs. Smith's testimony, as credited by the trial judge, ruled out the first two possibilities, we proceed to examine the third scenario.
The store employees had the responsibility to place the toys safely on the shelf in such a manner that the toys would not fall, as well as to replace safely on the shelf those toys that had been moved or removed. The employees had the additional responsibility to check the shelves periodically to ensure that the toys were in safe positions and did not present an unsafe condition. Because the thirty to thirty-five employees had these responsibilities and there was no evidence of any systematic procedure for regular inspection of the safety of the shelves, it is more likely than not that an employee, rather than another customer, placed the toy in, or moved the toy to, an improper position that caused it to be in danger of falling. Moreover, under the method of operation in this merchant's store, the customers had little reason to handle the toys, because the particular items on the shelf were not for sale.
The circumstantial evidence in this regard is strengthened by Mrs. Smith's testimony that the shelf in question, at the time of the accident, was set at an angle toward customers in the aisle, rather than in a horizontal position.[5] Even Yankowsky admitted that the shelves were changed from a horizontal to a slanted position from time to time and that the shelf may have been slanted on the day of the accident.
In the present case, Mrs. Smith in her case in chief established by a preponderance of the evidence, direct and circumstantial, a prima facie case that Toys "R" Us employees caused the toy to be in a position that was unreasonably dangerous and that the falling of the toy caused her damages. Toys "R" Us, in its case in chief, did not present evidence, direct or circumstantial, that defeated the prima facie case. At the close of trial, the burden of proof, which remained with the plaintiff, was met.

Decree
For the foregoing reasons, the judgment of the court of appeal is reversed, and the judgment of the trial court on liability is reinstated. The case is remanded to the court of appeal to review the quantum of the award of damages.
TRAYLOR, J., dissents and assigns reasons.
VICTORY, J., dissents. In my view, the plaintiffs failed to prove their case by a preponderance of the evidence. The photo in evidence shows that anyone in the store could have caused the toy to fall, either contemporaneously with the fall or by improperly touching or moving the toy at an earlier time.
TRAYLOR, Justice, dissenting.
Under La. Rev. Stat 9:2800.6(A), a plaintiff alleging injury due to falling merchandise must establish that a premises hazard existed to prove the fault of the store owner. The majority states, "proof that an accident occurred does not fulfill the plaintiff's burden in a falling merchandise case. The plaintiff must further prove that the merchant's negligence was a cause *216 of the accident." The majority limited its determination to three possibilities: (1) that Plaintiff caused the toy to fall, (2) another customer caused the toy to fall, or (3) an employee or customer placed the toy in an unsafe position so that it eventually fell. Without any discussion, the majority dismissed the first two possibilities because the trial judge "ruled out" these possibilities.
The majority's conclusion that Plaintiff proved no customer "in the area" could have knocked the toy from the shelf is a facile assumption not based on the record. Plaintiff stated that no other customer was in the immediate area, but also conceded that sh did not pay attention to whether there were other customers in the vicinity: "I was not aware of anyone else. I was really into what I was reading... [but] saw one lady passing by." From Plaintiffs testimony, I gather that the other customer was walking down the aisle when the accident occurred and was at the scene immediately after the toy fell. Plaintiff told the lady the falling toy "really hurt" and the customer responded, "I bet it did," and kept walking. AS I read the evidence in the record, there was at least one customer in the area at the time of the accident. However, she produced no one at trial to testify to the accident. Furthermore, she failed to rule out possibilities that the majority failed to consider: that a customer, even one in the next aisle or one further down the aisle, could have pushed or shifter the displayed toys and caused the toy to fall. This is a very likely possibility which was argued by the Defendant but not discussed by the majority.
I would find, as did the court of appeal, that Plaintiff, did not establish a premises hazard. The simple fact that the toy fell does not suffice as evidence of a hazardous condition. The trial judge and the majority of this court leap from a finding that a toy fell and struck Plaintiff to a finding of sufficient proof of a hazardous condition. The trial court did not find a hazardous condition and committed legal error in awarding Plaintiff damages under the Statute.
Finally, the majority errs in its recitation of facts in stating that Plaintiff sought immediate medical attention for her injuries. Slip Op. at 9. The record clearly indicates that she completed her accident report and then took the time to finish her shopping on the day of the accident. She did not seek medical attention until the following day.
For these reason, I dissent and would affirm the findings of the court of appeal.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] The statement signed by Mrs. Smith stated:

Looking at Big Wheel and red, 4-wheeled car fell from top shelf. I put my hand up to catch it and bent my hand back jamming my thumb.
[2] In a falling merchandise case, the claimant is not held to the heightened burden of proof set forth in La.Rev.Stat. 9:2800.6B, which specifically refers to "falls."
[3] Circumstantial evidence was described in J. Lee and B. Lindahl, Modern Tort Law § 15.42, at p. 546 (rev. ed.1989) as follows:

Circumstantial evidence allows the court or the jury to reason from circumstances known and proved to establish a disputed fact by inference. Circumstantial evidence does not directly prove the existence of a fact, but gives rise to a logical inference that such a fact does exist.
It has been observed that circumstantial evidence consists of a number of disconnected and independent facts from several witnesses and sources, which converge toward the fact in issue as a common center. Circumstantial evidence has substance because the factfinder, court or jury, may make reasonable inferences from certain proof. Circumstantial evidence is nothing more that one or more inferences, which may be said to reasonably arise from a series of proven facts. (footnotes omitted).
[4] A photograph in the record, referred to by the trial judge, shows a large riding toy with one wheel extending out from the shelf. The store manager admitted that a toy in such a position presented an unreasonable risk of harm. However, there was no direct evidence as to the position of the large red car in this case just before it fell.
[5] Although the photograph admitted into evidence shows that the shelf was horizontal to the floor, there was no proof of the time that the photograph was taken. Defendant's testimony that photographs of the scene "should" have been taken within twenty-four hours of the accident does not preponderate over Mrs. Smith's testimony that was accepted by the trial judge.