JjDOUCET, Chief Judge.
Plaintiffs, Wordy and Naomi Belgard, brought suit against Defendants, Brook-shire Grocery Company and the manager of its Pineville Super One supermarket, alleging Mr. Belgard was injured when an improperly stacked bucket of laundry detergent fell on his leg. Mrs. Belgard, who sought damages for loss of consortium, dismissed her claim before trial. Mr. Bel-gard’s claim was tried to a jury which found no premise hazard existed at Super One. The trial judge made the jury’s finding the verdict of the court and dismissed Mr. Belgard’s suit at his costs. Plaintiff appeals the judgment of the district court. We affirm.
DISCUSSION
Mr. Belgard testified that on November 26, 1996, he went to the Super One supermarket in Pineville to do some shopping. Among other things, his wife had asked him to purchase a forty pound pail of laundry detergent. The detergent was displayed in the “wall of values” area of the store, an isle immediately to one’s right as one enters the store. The pails were on the bottom shelf of the display unit, stacked two high. They were three across, beginning at the left hand post of the display unit. Mr. Belgard stated that he grabbed the handle of the pail nearest the post and began to remove it from the shelf. As he did so, he claims that the pail to the right of the one he had grasped, fell and hit his leg near knee level (he subsequently had to undergo knee surgery). The Plaintiff stated that he did not touch the pail which fell. The accident was un-witnessed. Mr. Belgard completed his shopping and, according to his testimony, reported the accident to the checker on the way out of the store. He did not report the accident to management that day, but rather returned on December 4, 1996, to have an accident report made.
I ¡..The manager of the Super One store, Defendant, Calvin Clayton, testified that the forty pound pails of detergent were placed on the bottom display shelf for safety purposes. Management knew the pails were heavy and placed them where they were least likely to cause a problem for customers. He testified that a store employee was always nearby to assist customers upon request. Mr. Clayton, who has been in the grocery business for thirty-four years, stated that, after being informed of the accident, he tried to recreate the accident. He testified as follows:
Well, you know, I took six buckets across the front and I jammed them together, pulled the center one on each side, uh, you know, I tried different buckets. I tried turning them around. I tried hanging the handles — crossing the handles together. I tried just reaching up and pulling kind of across the front of another bucket and to the side of another bucket and I couldn’t recreate it and I couldn’t make it happen.
He further stated that the pails or buckets were made to be stacked — that the lids had indentations in which the bottoms would fit. Mr. Clayton testified that there has never been another report involving a pail of detergent allegedly falling on a customer, either before or after Mr. Bel-gard’s reported incident. Finally, Mr. *762 Clayton testified as to the store’s inspection and clean-up policies and procedures.
LAW
Late last year, this court addressed the law applicable to the case at bar. In Littleton v. Walr-Mart Stores, Inc., 99-390, pp. 3-4 (La.App. 3 Cir. 12/01/99); 747 So.2d 701, 703-04, writ denied, 2000-C-0804 (La.5/5/00), 761 So.2d 546, we stated:
In order to recover in an action against a merchant, a store patron who is injured by falling merchandise must prove that a hazardous condition or defect existed, presenting an unreasonable risk of harm which caused injury and may do so by circumstantial evidence. Lopez v. Wal-Mart Stores, Inc., 94-2059 (La.App. 4 Cir. 8/13/97); 700 So.2d 215, writ denied, 97-2522 (La.12/19/97); 706 So.2d 457; Leonard v. Wal-Mart Stores, Inc., 97-2154 (La.App. 1 Cir. 11/6/98); 721 So.2d 1059.
|3A premise hazard is a condition which causes an unreasonable risk of harm to customers under the circumstances. A plaintiff may prove the existence of a premise hazard by circumstantial evidence. Once a plaintiff makes a showing that a hazard existed, the burden shifts to the merchant to demonstrate that it used reasonable care to avoid such hazards.
Lopez, 700 So.2d at 217-218 (citations omitted).
More recently, our brethren of the fifth circuit, addressing the same issue, expounded as follows:
A merchant’s duty to keep customers safe from harm caused by stray or falling merchandise is set out, in rules that refine the more general tort liability law, under LSA-R.S. 9:2800.6 and cases following the article. The provisions of LSA-R.S. 9:2800.6 regarding falling merchandise read as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
This duty encompasses the responsibility on the part of store employees to place the merchandise safely on the shelf in such a manner that the merchandise will not fall, as well as to replace safely on the shelf such merchandise as has been moved or removed. The employees have the additional responsibility to check the shelves periodically to ensure that the merchandise is in a safe position and does not present an unsafe condition. Smith v. Toys “R” Us, Inc., 98-2085, at p. 4 (La.11/30/99), 754 So.2d 209, 213. Put another way, the duty to “check the shelves” requires employees to exercise “... the degree of care which would lead to discovery of most hazards.” Matthews v. Schwegmann Giant Supermarkets Inc., 559 So.2d 488 (La.1990) (emphasis supplied); Whitt v. Wal-Mart Stores, Inc., 96-906 (La.App. 5th Cir. 3/12/97), 690 So.2d 1009,1012.
Once an accident has happened on a merchant’s premises, and the matter has proceeded to trial, the burden is on the customer seeking to prove negligence on the part of the merchant for having neglected the above responsibilities. And we are fortunate, in our review of the accident at hand, to be guided by the Supreme Court’s very recent clarification of the burden incumbent on such customers, found in the \ASmith case, cited above. To prevail in a “falling merchandise” case, the customer must now demonstrate that he or she did not cause the merchandise to fall, that another customer in the aisle at that moment did not cause the merchandise to fall, and that the merchant’s negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the *763 merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an “unreasonably dangerous” condition on the merchant’s premises. Smith, 98-2085 at p. 4, 754 So.2d at 212. Formerly, under Matthews and cases following that decision, the customer’s burden had been satisfied by simply showing the first two prongs of the above — that neither the plaintiff customer nor any other nearby customer had caused merchandise to fall from its shelved position. Matthews, 559 So.2d at 488; Whitt, 690 So.2d at 1011-12. Under Matthews, the customer’s having ruled out these two possibilities shifted the burden of proof to the merchant, requiring it to show that it used reasonable care to avoid such hazards by means such as periodic cleanup and inspection procedures. Lapeyrouse v. Wal-Mart Stores, Inc., 98-547 (La.App. 5th Cir. 12/16/98), 725 So.2d 61, 63, writ denied, 99-0140 (La.3/12/99), 739 So.2d 209. Now, under Smith, though evidence of adequate inspection and cleanup procedures may yet be part of the merchant’s burden to disprove negligence, evidence of the opposite is certainly relevant as part of the customer’s burden to prove negligence: plaintiff customer will carry his or her burden if he or she can make a prima facie showing that inadequate or neglected inspection and cleanup procedures left merchandise in such an unstable or precarious position that it falls from its stacked or displayed position to cause injuries — damages—to him or her. Smith, 98-2085 at p. 5, 754 So.2d at 213. Finally, we note that the burden enunciated in Smith does retain two principles relied on under the former authority: the hazardous condition may still be proved by either direct or circumstantial evidence, and, further, findings of fact regarding such hazardous conditions made at trial level are given manifest error review. Smith, 98-2085 at p. 3, 754 So.2d at 211.
Mannina v. Wal-Mart Stores, Inc., 99-1102, pp. 5-7 (La.App. 5 Cir. 2/29/00); 757 So.2d 98, 102-03, writ denied, 2000-C-0917 (La.6/2/00); 763 So.2d 597 (footnotes omitted).
I /The jury found that Plaintiff failed to prove the existence of a hazardous condition at the Super One store. Applying the foregoing principles of law to the facts in the case, we cannot say that the jury’s conclusion was clearly wrong.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Appellant, Wordy L. Belgard.
AFFIRMED.