# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-147


KENNETH WAYNE JACKSON

VERSUS

BROOKSHIRE GROCERY COMPANY


**\*\*\*\*\*\*\*\*\*\***


## APPEAL FROM THE
## PARISH OF RAPIDES
## ALEXANDRIA CITY COURT, NO. 108,444
## HONORABLE RICHARD E. STARLING JR., CITY COURT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**David A. Hughes**
**Hughes & LaFleur**
**P. O. Box 1831**
**Alexandria, LA 71309-1831**
**Counsel for Defendant/Appellant**
    **Brookshire Grocery Company**

**Mark F. Vilar**
**Aaron L. Green**
**Vilar & Elliott**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**Counsel for Plaintiff/Appellee**
    **Kenneth Wayne Jackson**

**PICKETT, J.**

The defendant, Brookshire Grocery Company, d/b/a/ Super One Foods, appeals a judgment of the trial court awarding the plaintiff, Kenneth Wayne Jackson, $5,000.00 in general damages and $1,282.67 in medicals, plus interest and costs, for injuries he sustained when several cases of food fell on him as he shopped in the store. We affirm the judgment of the trial court.

## FACTS

This suit arises as the result of an injury sustained by the plaintiff, Kenneth Wayne Jackson, on March 9, 2007, when several cases of merchandise fell on him as he shopped at Super One Foods in Alexandria, Louisiana. The products in this section of Super One are displayed for purchase similar to products stored in a warehouse, in case lots. Cases are stacked atop one another with the faces cut off, revealing the contents. Some merchandise is displayed in cases at floor level, while additional merchandise is displayed in cases on shelving approximately six feet above the ground.

The plaintiff was reaching for an item approximately six feet above floor level, in a case with the front cut out. As the plaintiff attempted retrieve a box of "chicken helper" from that case, several other cases fell on him, injuring his left arm. The impact caused a "tennis-ball" sized hematoma and a lump in his left forearm.

The plaintiff attempted to continue with his shopping, but shortly after the accident a lump developed in his arm, accompanied by intense pain. Because of a pre-existing heart condition, the plaintiff became concerned and summoned an ambulance to transport him to Christus St. Francis Cabrini Hospital. The plaintiff was diagnosed with a contusion of the left forearm; he was treated and released with

1

instructions to follow-up with his primary care physician, if needed. Because he was still experiencing pain about one week later, he consulted his family physician, Dr. Alejandro Perez. Dr. Perez noted a one-inch in diameter knot surrounded by bluish-green discoloration on the ulnar aspect of the left forearm. The doctor noted that the area was not warm to the touch, indicating the absence of an infection, and concluded that the arm demonstrated what he described as the normal "process after the trauma."

On appeal the defendant argues that the plaintiff failed to prove that an unreasonably dangerous condition caused the accident, and that the general damage award was excessive for what was "at most, a three (3) week injury."

## LAW AND DISCUSSION

Both parties, in their argument before the trial court, and the trial court in its reasons for judgment, cite *Davis v. Wal-Mart Stores, Inc.*, 00-445 (La. 11/28/00), 774 So.2d 84, to support their positions. In *Davis*, 774 So.2d at 89-90, our supreme court set out the law applicable to "falling merchandise" cases:

> The applicable statute as to liability in this case is La. R.S. 9:2800.6 which governs negligence claims brought against a merchant, such as Sam's. La. R.S. 9:2800.6 reads, in pertinent part:

> > (A) A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

> . . . .

> In a "falling merchandise" case under R.S. 9:2800.6(A), as in the present case, the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. Further, a plaintiff who is injured by falling merchandise must prove, even by circumstantial evidence, that a premise hazard existed. [*Smith v. Toys "R" Us, Inc., et al., 98-2085*

2

*(La. 11/30/99), 754 So.2d 209.*] Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures. *Id.*

To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's premises. *Smith v. Toys "R" Us, Inc., et al., supra.*

Under *Smith, supra*, though evidence of adequate inspection and clean up procedures may yet be part of the merchant's burden to disprove negligence, evidence of the opposite is certainly relevant as part of the customer's burden to prove negligence: plaintiff customer will carry his or her burden if he or she can make a prima facie showing that inadequate or neglected inspection and clean up procedures left merchandise in such an unstable or precarious position that it falls from its stacked or displayed position to cause injuries to him or her. *Id.*, at p. 5, 754 So.2d at 212.

In its reason for judgment the trial court stated:

The ultimate fact that must be decided by the court is whether the plaintiff caused the item to fall. If the court rules that any time a customer reaches for a product and another product falls, the customer caused the accident, it would seem to remove any inquiry as to causation.

We agree.

In this case, chicken helper and other items were stacked from ground level to the bottom of a shelf which was established to be six feet above the floor. The plaintiff selected a box from the first carton stacked on the shelf. When he pulled the box of chicken helper from the case on the shelf, several cases of chicken helper stacked above the bottom case fell down striking him. As the plaintiff reached for the

3

box he had selected, the defendant's produce manager, Laverne Clark, and another employee, identified only as Mr. Battistelli, were working some distance down the isle. Mr. Battistelli observed the plaintiff's actions and shouted for the plaintiff to "stop" or "look out." Before the plaintiff could respond, the higher case had already fallen.

In a falling merchandise case, as in any other case involving factual determinations by the trial court "[t]he issue for the reviewing court is not whether the trier of fact was wrong, but whether the factfinder's conclusions were reasonable under the evidence presented." *Smith*, 754 So.2d at 214. Under the facts presented in this case, we find the fact-finder's conclusions were reasonable. It is obvious that the plaintiff had no idea that several cases of merchandise would come tumbling down when he made his selection. Also, it appears that Mr. Battistelli recognized that a dangerous condition existed when he shouted his warning, i.e., that the cases of chicken helper had been placed in an unsafe position on the shelf or in such a precarious position that they eventually fell.

The standard of appellate review of a general damage award was set out by our supreme court in *Andrus v. State Farm Mutual Automobile Insurance Co.*, 95-801, p. 8 (La. 3/22/96), 670 So.2d 1206, 1210, wherein the court stated:

> In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. *Reck v. Stevens*, 373 So.2d 498 (La.1979). The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. *Id.* Only if the reviewing court determines that the trial court has abused its "much discretion" may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976).

4

Because discretion vested in the trial court is "great," and even vast, an appellate court should rarely disturb an award of general damages. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993). Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. *Id.*

Although the award in this case is generous, we cannot say it is "beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances." *Id.*

Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant, Brookshire Grocery Company, d/b/a/ Super One Foods.

**AFFIRMED.**