NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-694

DEMETRIA JOSEPH

VERSUS

LOWE'S HOME CENTERS, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 136556
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

GARY J. ORTEGO
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Gary J. Ortego, Judges.

REVERSED AND REMANDED.

**Gabe A. Duhon**
**George A. Day**
**Gabe A. Duhon, L.L.C.**
**105 Tivoli Street**
**Abbeville LA 70511-0478**
**(337) 893-3423**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Demetria Joseph**


**David Scott Rainwater**
**Lindsay C. Rabalais**
**Taylor Wellons, Politz**
**4041 Essen Lane, Suite 500**
**Baton Rouge, LA 70809**
**(225) 387-9888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Lowe's Home Centers, Inc.**

**ORTEGO, Judge.**

Plaintiff, Demetria Joseph (Plaintiff), filed a personal injury suit against Defendant, Lowe's Home Centers, Inc. (Lowe's), claiming that its negligence resulted in personal injuries she sustained when a roll of vinyl flooring fell from a shelf at its New Iberia store, injuring her leg and foot.

Following a hearing on July 19, 2022, and by Judgment signed August 25, 2022, the trial court granted Lowe's motion for summary judgment, dismissing Plaintiff's claims against Lowe's. Plaintiff appeals.

## FACTS AND PROCEEDURAL HISTORY

This matter arose from an accident that occurred at a Lowe's store location in New Iberia on October 2, 2019, when Plaintiff was shopping for laminate flooring.

The laminate flooring rolls were initially arranged vertically with a wooden beam running along the bottom of the shelf, along with a security chain, to maintain the rolls in place.

After Plaintiff examined the flooring rolls, she selected one roll she was interested in purchasing. However, Plaintiff could only find that one roll of the selected flooring on the shelf, so she asked for assistance from a Lowe's employee, Kathryn Williams ("Ms. Williams," or "employee"). On her first encounter with Ms. Williams, Plaintiff asked if there were any more rolls of her chosen flooring in stock, so Ms. Williams left the aisle to check the store's online inventory database. Learning there was only that one roll, Ms. Williams returned to the flooring aisle to inform Plaintiff.

Plaintiff then asked Ms. Williams to check if any nearby Lowe's locations had the same rolls of flooring in stock, and Ms. Williams left the aisle a second time to search the inventory database of other locations. Upon confirming online that none

of the nearby locations had these same rolls in stock, Ms. Williams returned to the aisle a third time to inform Plaintiff and witnessed a heavy roll of laminated flooring fall in a somewhat domino manner, with one roll hitting the Plaintiff's left leg and foot.

As a result of this incident, on October 1, 2020, Plaintiff filed her "Petition for Damages." On March 31, 2022, Lowe's filed a Motion for Partial Summary Judgment, as to liability, along with a Motion to Strike, and other motions. Plaintiff filed her opposition to Defendant's motions. On July 19, 2022, hearings were held on all motions, after which the trial court granted Lowe's Motion for Partial Summary Judgment, dismissing, with prejudice, Plaintiff's claims by Judgment signed on August 25, 2022. Plaintiff timely filed her appeal.

## ASSIGNMENTS OF ERROR

On appeal Plaintiff assigns four errors which we reproduce verbatim:

1. The trial court committed manifest error in failing to determine that genuine issues of material fact existing precluding a summary judgment determination in favor of Lowe's Home Centers, Inc.

2. The trial court committed legal error in failing to find that Lowe's Home Centers, Inc. was negligent and violated its duty to keep its aisles and passageways free from hazards and in a reasonably safe condition.

3. The trial court committed legal error in finding that Appellant Demetria Joseph caused the vinyl roll to fall.

4. The trial court committed legal error in granting Lowe's Home Centers, Inc.'s Motion for Summary Judgment.

## STANDARD OF REVIEW- SUMMARY JUDGMENT

A court of appeal reviews summary judgments *de novo*, using the same standard used by the trial court.

> A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial

court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Guidry v. Brookshire Grocery Co.*, 19-1999 (La. 2/26/20), 289 So.3d 1026, 1027; *Murphy v. Savannah*, 2018-0991 (La. 5/8/19), 282 So.3d 1034, 1038; *Wright v. Louisiana Power & Light*, 2006-1181 (La. 3/9/07), 951 So.2d 1058, 1070.

A motion for summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. Code Civ. P. art. 966(A)(3); *Davis v. A Bar & Grill with a Bite, Inc.*, 2019-1928 (La. 3/16/20), 294 So. 3d 1051, 1052.

On a motion for summary judgment, the burden of proof remains with the mover. However, if the moving party will not bear the burden of proof on the issue at trial and points out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. La. Code Civ. P. art. 966(D)(1); *Stephenson v. Bryce W. Hotard Sunbelt Rentals, Inc.*, 2019-0478 (La. 5/20/19), 271 So.3d 190, 193; *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So.3d 851, 854; *Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Planchard v. New Hotel Monteleone, LLC*, 21-347, pp. 2-3 (La. 12/10/21), 332 So.3d 623, 625 (emphasis added).

Thus, "[a] motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant." *Caldwell v. St. Charles Gaming Co.,* 19-1238, pp. 5-6 (La. 1/29/20), 347 So. 3d 562, 565–66, quoting *Reynolds v. Bordelon*, 14-2371, pp. 2-3 (La. 6/30/15), 172 So.3d 607, 610; La.Code Civ.P. art. 966.

"[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p.27 (La. 7/5/94), 639 So.2d 730, 751, (quoting *South Louisiana Bank v. Williams,* 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writs*

3

*denied*, 596 So.2d 211 (La.1992) (alteration in original). A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.* Whether a fact is material is determined in light of the relevant substantive law.

*Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/19/03), 853 So.2d 645.

## *DISCUSSION*

Therefore, our appellate review starts with an examination of the relevant substantive law that applies when a retail store customer asserts that injuries produced by "falling merchandise" are caused by a merchant's negligence.

Louisiana Revised Statutes 9:2800.6 (A), set forth below, establishes the duty attached to a retailer, such as Lowe's, in a "falling merchandise" case:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

See *Planchard*, 332 So.3d 625*; Smith v. Toys "R" Us, Inc.*, 98-2085 (La. 11/30/99), 754 So.2d 209; *Davis v. Wal-Mart Stores, Inc.*, 00-445 (La. 11/28/00), 774 So.2d 84.

Under La.R.S. 9:2800.6 (A) it is not enough for a plaintiff to establish at trial that an accident occurred.

> "[P]roof that an accident occurred does not fulfill the Plaintiff's burden in a falling merchandise case. The Plaintiff must further prove that the merchant's negligence was a cause of the accident."

*Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209, 214.

> In a "falling merchandise" case under R.S. 9:2800.6(A), as in the present case, the standard is that the merchant must use reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition and free of hazards which may cause injury. Further, a

> Plaintiff who is injured by falling merchandise must prove, even by circumstantial evidence, that a premise hazard existed. *Id.* Once a Plaintiff proves a *prima facie* premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures. *Id.*

*Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90.

To prevail in a negligence claim, the plaintiff must prove each of five separate elements, among these those emphasized here: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's standard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damage (the damages element). *Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1991), on reh'g (May 28, 1992), quoting *Fowler v. Roberts*, 556 So.2d 1, 4 (La.1989).

*Plaintiff's Contention:*

Plaintiff's main contention and argument on appeal is that the trial court made a credibility determination, evaluated eyewitness testimony, and weighed the evidence from witnesses' affidavits, which made this partial summary judgment inappropriate.

*Defendant's Contention:*

Lowe's argues that it provided sufficient evidence as to Plaintiff's action being the sole cause of her injuries resulting from the falling merchandise, such that a credibility determination or weighing of the evidence was not required by the trial court. Hence, Lowe's argues the trial court properly maintained the motion for

summary judgment given Plaintiff failed to exonerate herself of liability under the first tier of the *Davis* three-tier test applicable to circumstantial evidence cases.

Additionally, Lowe's argues that Plaintiff's affidavit is merely "self-serving" testimony, and, as such Plaintiff is unable to prove that she will be able to carry her burden of proof pursuant to La. R.S. 9:2800.6 (A).

La.Code Civ.P. art. 966(D)(1) provides that the mover bears the burden in its motion but need only demonstrate an "absence of factual support for one or more elements essential to the adverse party's claim[.]" If the mover carries that initial burden, it is incumbent upon the opponent "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law."

Credibility assessment is not appropriate for summary judgment. *O'Neal v. Foremost Ins. Co.,* 18-510, p.8 (La.App. 3 Cir. 2/13/19), 265 So.3d 846, 852, states:

> "The credibility of a witness is a question of *fact." Hutchinson v. Knights of Columbus, Council No. 5747,* 03-1533, p.8 (La. 2/20/04). 866 So.2d 228, 234. In determining whether a genuine issue exists, "courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. Specifically, "[a] trial court judge cannot make credibility determinations on a motion for summary judgment." *Hutchinson,* 866 So.2d at 234.

A party's self-serving testimony must be accepted as credible except "[w]hen a party opposing a motion for summary judgment presents her own self-serving testimony, but that testimony contains significant discrepancies[.]" *Smith v. State through Dep't of Transp. & Dev.*, 21-192, pp. 14 (La.App. 3 Cir. 3/2/22), 350 So. 3d 879, 887.

*Davis*, 774 So. 2d at 90, enunciated a three-prong test a plaintiff must satisfy in order to prevail in a falling merchandise claim:

> (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, *and* (3) that the merchant's negligence was the cause of the accident:  the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall.

*(1) Plaintiff did not cause the merchandise to fall*

Ms. Williams, Lowe's employee, testified that she witnessed Plaintiff "reach in to grab a vinyl roll, and it slid over and knocked the one she had propped up down." Plaintiff testified in her deposition:

> Okay.  Basically, she [Ms. Williams] was pulling the carpets out and stuff to let me see the colors and, you know, we was looking at the length and width of it.  And I got her to grab two of them to go and price it for me in the colors that I wanted.  And that's what she went to do.  So, as she left to go do that, it wasn't far from where we was, I was looking at the carpets on the right and a carpet came crashing down from the left.

Plaintiff denied touching any of the carpets, which were actually rolls of vinyl laminate flooring, as she was looking at the rolls to the right of the one that fell on her.

The conflicting testimonies of Ms. Williams and Plaintiff create a genuine issue of material fact regarding the first prong of the *Davis* test.

*(2) That another customer in the aisle at that moment did not cause the merchandise to fall*

Plaintiff testified that she could recall no other customers on the aisle.  Neither of these eyewitnesses raised any possibility that another customer was to blame for the accident.

*(3) That the merchant's negligence was the cause of the accident*

It can be inferred from her testimony that Ms. Williams blames Plaintiff's actions for causing this accident. Plaintiff indicated that Ms. Williams blamed other employees of Lowe's for improperly stacking the rolls of flooring. A genuine issue of material fact exists regarding whether Plaintiff even touched the merchandise at all, much less moved it in such a manner as to cause the accident. Further, Plaintiff's claims that Ms. Williams attributed the accident to haphazard stacking by other employees raises a genuine issue of material fact as well.

As stated, a party's self-serving testimony must be accepted as credible except "[w]hen a party opposing a motion for summary judgment presents her own self-serving testimony, but that testimony contains significant discrepancies[.]" Smith, 350 So. 3d 879, 887. Therefore, we find, the evidence submitted by Lowe's, as it introduced both Plaintiff's deposition and that of its employee, Ms. Williams, in support of its motion for summary judgment, demonstrates genuine issues of material fact as to the three prongs of the *Davis* test. Thus, we find Lowe's never shifted the burden of production, under La.Code Civ.P. art. 966(D), to Plaintiff.

Based on our review of the record before us, we find that summary judgment was not appropriate in this case.

## DECREE

For the reasons set forth herein, the summary judgment granted by the trial court in favor of Lowe's Home Centers, Inc., dismissing the claims of Demetria Joseph, is reversed, and this matter remanded to the trial court for further proceedings, with all costs assessed to Defendant, Lowe's Home Centers, Inc.

**REVERSED AND REMANDED.**