I «MARION F. EDWARDS, Judge.
Plaintiff/appellant Jo Ann Hodges appeals a judgment of the district court granting a Motion For Summary Judgment in favor of defendant/appellees J.C. Penney Corporation. We affirm.
Hodges filed suit against Penney’s for injuries received when a clothing rack fell on her as she stood in a checkout line in the store. She alleged that Penney’s failed to place the clothing rack in an area where it was safe for pedestrian .traffic, failed to properly anchor the rack, and overloaded it. Prior to trial, Penney’s filed a Motion For Summary Judgment, averring that Hodges could not carry her burden of proving liability. In connection with its motion, Penney’s attached Hodges’ deposition.
In her deposition, Hodges stated that on March 2, 2003, she, her three children, and her grandchild had gone shopping. They were at the Penney’s store in Lakeside Shopping Center, in the checkout line in the boys’ department. The registers are at a circular counter, in a middle place where several aisles come together. She was holding three pairs of jeans and three shirts, and there were five people ahead of her in line. The rack fell over, and Hodges was not close to it nor was she leaning on it, but rather was standing right beside it. The rack, which hit her on the arm, had about ten shirts hanging on it. She was not knocked over. pHodges did not know why the rack fell, but the cashier came over and stated to Hodges that the clothes were all hung on one side and that was “probably” why the rack fell. Hodges did not know if the clothes were actually hung on one side, and she did not know the cashier’s name.
Hodges did not report the accident, but the next day when her arm began to hurt, she returned to the store. However, the security personnel there told her it was too late to do anything because she had left the scene. Kevin Jones, Hodges’ fiancé, had been with her and had helped pick the rack up, but she did not know if he actually saw it fall. An affidavit from Yvette Morris, the Loss Prevention Manger at the Penney’s store, was also submitted stating that she (Morris) had researched the store records and found no reports regarding the accident.
*968 In opposition, Hodges filed a memorandum, with an excerpt from her same deposition. In granting summary judgment, the trial court did not give reasons.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions.[1]
The mover bears the burden of proof. La. C.C.P. article 966(C)(2) further provides that the mover need only to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating |4that material factual issues remain.[2] Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.[3]
In a “falling merchandise” case under R.S. 9:2800.6(A), as in the present case, the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. Further, a plaintiff who is injured by falling merchandise must prove, even by circumstantial evidence that a premise hazard existed.[4] Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to. avoid such hazards by means such as periodic clean up and inspection procedures.[5] To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant’s negligence was the cause of the accident: the 'customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall.[6] Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an “unreasonably dangerous” condition on the merchant’s premises.[7]
In the present case, the only evidence presented by Hodges was the hearsay statement of an unknown sales clerk, and that statement, even taken as true, |sconsisted of the clerk’s opinion as to the possible cause of the accident. Hodges failed to produce any evidence that the rack was improperly loaded. Further, if *969 she were able to produce the clerk at trial, there is nothing in the record to indicate that Hodges will be able to prove that a Penney’s employee was responsible for the problem, or that Penney’s had constructive notice of such “defect.” “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.[8] Similarly, nothing in the record indicates that Hodges will be able to prove that someone else, rather than a Penney’s employee, caused the rack to fall.
In addition, considering this case as an action in negligence under La. C.C. art. 2315, or in strict liability under La. C.C. art. 2317, the element of prior knowledge by the defendant is a requirement.[9] Hodges has presented nothing to indicate such prior knowledge on the part of Penney’s. Under any of the appropriate theories of liability, Penney’s has shown an absence of factual support for an essential element of Hodges’ claim.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed to appellant.

AFFIRMED.

. Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636.

. Id.

. King v. Parish National Bank, 2004-0337 (La.10/19/04), 885 So.2d 540.

. Davis v. Wal-Mart Stores, Inc., 2000-0445 (La.11/28/00), 774 So.2d 84.

. Id.

. Id.

. Smith v. Toys “R” Us, Inc., et al, 98-2085 (La.11/30/99), 754 So.2d 209.

. La. R.S. 9:2800.6(C)(1).

. Carr v. Wal-Mart Stores Inc., supra.