JOHNSON, J.
*358 Defendant/Appellant, Academy Ltd. d/b/a/ Academy Sports and Outdoors (hereinafter referred to as "Academy"), appeals a judgment finding it solely at fault for injuries incurred by Plaintiff/Appellee, Elsa Caruso, and accompanying damages awards from the 24th Judicial District Court, Division "M". For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On October 7, 2015, Ms. Caruso filed a "Petition for Damages" against Academy. In her petition, she alleged that, as she proceeded through the store located in Gretna, Louisiana on October 8, 2014, she was struck by falling merchandise and/or shelving on her head, face, and other body parts. She further alleged that, as a direct consequence of Academy's negligence and/or reckless actions from the falling merchandise and/or shelving, she suffered severe injuries to her muscular, skeletal, and nervous systems. Academy answered the petition, denying Ms. Caruso's allegations and arguing Ms. Caruso was the sole or contributing proximate cause of the accident by failing to watch where she was walking or mitigating her damages. Academy further argued that the accident may have been caused by the fault of a third party.
The matter proceeded to a bench trial on February 28, 2018. At the beginning of the trial, the parties stipulated to various exhibits, which included photographs[1] , Ms. Caruso's medical records, and an affidavit from Ferdinand Gettridge.[2] Ms. Caruso was the only witness called for live testimony at the trial. At the close of Ms. Caruso's case-in-chief, Academy orally moved for an involuntary dismissal[3] of Ms. Caruso's action.
In its motion, Academy argued that Ms. Caruso failed to present any evidence that it controlled the premises where the accident allegedly occurred or any evidence that Academy was involved in the accident in any manner. The trial court denied Academy's motion then allowed it the opportunity to present its case-in-chief, to which Academy declined and rested its case. The trial court took the matter under advisement. However, prior to concluding the proceeding, the trial judge orally noted that the certified medical records reported *359 Ms. Caruso was in Academy Sports when the accident occurred.
In a written judgment dated April 5, 2018, the trial court found that Academy was 100% at fault and was the legal cause of Ms. Caruso's damages. The court awarded Ms. Caruso $ 24,750 in damages against Academy, which included $ 21,250 in general damages and $ 3,500 in special damages. The instant suspensive appeal by Academy followed.
ASSIGNMENTS OF ERROR
On appeal, Academy alleges the trial court was manifestly erroneous by: 1) finding it to be 100% at fault for Ms. Caruso's injuries, despite her failure to present any testimony or evidence to meet her burden of proof; 2) finding it to be 100% at fault for Ms. Caruso's injuries when she failed to testify where she was injured; 3) failing to find comparative fault on the part of Ms. Caruso; and 4) awarding Ms. Caruso $ 21,250 in general damages and $ 3,500 in special damages.
LAW AND ANALYSIS
Finding of Fault
Academy alleges the trial court was manifestly erroneous in finding it to be at fault for Ms. Caruso's injuries. It argues that the trial court applied the wrong legal standard found under the Louisiana Merchant's Liability Act and the "falling merchandise" standard should have been applied. When applying the correct legal standard, Academy contends that Ms. Caruso failed to prove any of the legal elements of the applicable "falling merchandise" cases. It particularly claims Ms. Caruso failed to negate that she did not cause the item to fall or that another customer did not cause the item to fall.
Conversely, Ms. Caruso argues that Academy was at fault for the accident and her injuries. She contends the undisputed facts of this matter show that a person on a ladder caused an object to fall onto her, and the only reasonable conclusion a fact finder could reach is that the person on the ladder, Ferdinand Gettridge, was an employee of Academy. Ms. Caruso further contends that Academy failed to present any evidence that it exercised reasonable care to keep its premises in a reasonably safe condition. Thus, she argues that the trial court reasonably concluded that Academy was negligent by failing to properly and adequately supervise or oversee its premises.
In this matter, the judgment at issue does not indicate which legal standard the trial court used for its finding. However, after review of the pertinent jurisprudence, we conclude that this is a "falling merchandise" case. To prevail in a falling merchandise case under La. R.S. 9:2800.6(A), the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. Hodges v. J.C. Penney Corp. Inc. , 04-1333 (La. App. 5 Cir. 3/29/05), 900 So.2d 966, 968. Additionally, a plaintiff who is injured by falling merchandise must prove, even by circumstantial evidence, that a premise hazard existed. Id. Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by specified means, i.e. , periodic clean up and inspection procedures. Id.
In Hodges , supra , this Court explained the elements required for proving a falling merchandise case by stating:
To prevail in a falling merchandise case, the customer must demonstrate that (1)
*360 he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident[.] [T]he customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's premises.
At the trial in this matter, the trial court admitted the affidavit of Ferdinand Gettridge pursuant to the stipulation of the parties. In his affidavit, Mr. Gettridge attested that he would testify at trial to the following: 1) he was standing on a 12' orange ladder when Ms. Caruso walked underneath him, and as a result, a cardboard sign struck her nose; 2) he never saw Ms. Caruso prior to her being struck with the cardboard sign; 3) Ms. Caruso was walking at the time she was struck by the cardboard sign; 4) the sign was a "Back to School" cardboard sign; and 5) Ms. Caruso refused medical attention after her injury.
Ms. Caruso testified at trial that she was shopping in the store on the day of the incident when someone on a staircase was changing a shelf, and the shelf hit her nose. Immediately after the incident, she stated that people approached her, and a man asked if she wanted an ambulance called for her. However, she declined medical assistance because her mother, who accompanied Ms. Caruso to the store, was not feeling well. Ms. Caruso acknowledged that she was not paying attention to the shelf because she was shopping and looking for clothing sales.
According to the evidence presented at trial, Ms. Caruso did not cause the sign to fall; Mr. Gettridge was the person standing on the ladder that Ms. Caruso walked by at the time of the accident; and the falling sign was the cause of Ms. Caruso's accident. As evidenced from the judgment, the trial court gave more weight to Ms. Caruso's version of the accident over Mr. Gettridge's version.[4] The burden then shifted to Academy to exculpate itself from fault by showing that it used reasonable care to avoid a premise hazard. See , Hodges , supra . Academy rested its case-in-chief without presenting any evidence. Thus, we find that Academy failed to exculpate itself from fault in this matter.
Therefore, because Academy failed to exculpate itself from fault, we do not find the trial court was manifestly erroneous in determining that Academy was at fault for Ms. Caruso's accident and injuries.
Location of Accident
Academy alleges the trial court was manifestly erroneous in finding it to be 100% at fault when Ms. Caruso failed to establish where the incident occurred on October 4, 2014. Without testimony as to where the incident occurred, Academy argues that Ms. Caruso could not meet her burden of proof that it was liable for her *361 injuries, regardless of which legal standard was applied.
In opposition, Ms. Caruso argues that the location of the accident was established in a medical report. She contends that the report states that the accident occurred at the Academy Sports on Stumpf Boulevard. Based upon the evidence presented, she maintains it was reasonable for the trial court to conclude that the accident occurred at the Stumpf location.
As orally noted by the trial court, there was evidence in Ms. Caruso's medical records that established where her accident occurred. The report from Ms. Caruso's physical therapist, Dr. Christine Pilson, states that Ms. Caruso's accident occurred at the Academy Sports on Stumpf Boulevard. Academy stipulated to the admission of this report and did not raise any objections to the veracity of it. Accordingly, we find that the trial court properly considered the information contained in the report, which included the location of the accident.
Comparative Fault
Academy alleges the trial court was erroneous in finding it to be 100% at fault. It argues that substantial fault should have been allocated to Ms. Caruso because her inattentiveness at the time of the incident caused her injuries. Academy contends that even if it were at fault for Ms. Caruso's injuries, there is no reasonable factual basis in the record to support the trial court's assignment of 100% fault.
Ms. Caruso avers that she has no comparative fault in the accident because it is clear that she did not cause the sign to fall onto her nose, causing her injuries. Instead, she claims that Academy is solely at fault for permitting an employee to move a heavy sign while standing on a ladder during store hours without placing any warning or caution signs around the area.
Under the express provisions of La. C.C. art. 2323, 100 % of the causative fault for a harm must be allocated in actions for an injury under any theory of liability. Thompson v. Winn-Dixie Montgomery, Inc. , 15-477 (La. 10/14/15), 181 So.3d 656, 664. "The fundamental purpose of Louisiana's comparative fault scheme is to ensure that each tortfeasor is responsible only for the portion of the damage he has caused." Id. , quoting Miller v. LAMMICO , 07-1352 (La. 1/16/08), 973 So.2d 693, 706. The allocation of fault is a factual determination reviewed under the clearly wrong standard. Id. at 666, citing Clement v. Frey , 95-1119 (La. 1/16/96), 666 So.2d 607, 611. In order to reverse a fact finder's determination, the appellate court must: 1) find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) further determine that the record establishes that the finding is clearly wrong or manifestly erroneous. Id.
The trial court in this matter found Academy to be the legal cause of Ms. Caruso's damages and 100% at fault. As mentioned earlier, the evidence presented at trial showed that Ms. Caruso did not cause the sign to fall; Mr. Gettridge was standing on the ladder that Ms. Caruso walked by at the time of the accident; and the sign was the cause of Ms. Caruso's accident. Upon review of this evidence, we cannot find the trial court was manifestly erroneous or clearly wrong in its determination. Therefore, we do not find the trial court was manifestly erroneous in finding Academy to be 100% at fault for Ms. Caruso's accident.
Damages Awards
Academy alleges the trial court was clearly wrong in its awards of general and special damages to Ms. Caruso. It argues that Ms. Caruso failed to sustain her burden *362 of presenting adequate evidence that an intervening cause did not create or contribute to her injuries; and, even if she had sustained her burden, Ms. Caruso's injuries were minor and/or an aggravation of preexisting injuries. It further argues that Ms. Caruso failed to present any medical opinions that her complained of injuries were not the result of the minor vehicle accident that occurred approximately one month after the incident in question. Academy contends that the aggregate award of nearly $ 25,000 in favor of Ms. Caruso was excessive and should be reduced.
In contrast, Ms. Caruso argues that the trial court did not abuse its discretion in awarding her general damages. She contends that she sustained injuries as a result of Academy's negligence and received treatment for said injuries for approximately 8½ months. After considering the evidence and testimony, Ms. Caruso avers that the damages awarded for $ 2,500 per month for pain and suffering were fair and reasonable.
Absent a determination that the trial court's very great discretion in the award of general damages has been abused in the matter under review, the reviewing court should not disturb the trier's award. Branch , 806 So.2d at 802-03. The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Id. , citing Youn v. Maritime Overseas Corp. , 623 So.2d 1257 (La. 1993). A plaintiff is required to prove special damages by a preponderance of the evidence, and the findings of the trier of fact are subject to the manifest error standard of review. Mosbey v. Jefferson Parish Sheriff's Office , 18-69 (La. App. 5 Cir. 6/27/18), 250 So.3d 1110, 1118.
Here, Ms. Caruso testified that she felt "a lot" of pain from the sign hitting her in the nose, along with head, neck, back, and shoulder aches, and her face was black and blue the following day. She further testified that she had undergone therapy as treatment for her pain for about eight or nine months. She presented medical records to corroborate her treatment. Ms. Caruso was diagnosed with moderate strain/sprain of the cervical spine, moderate strain/sprain of the thoracic spine, strain/sprain of the bilateral shoulders, contusion to the face, nose pain, muscle spasms, and headaches, all resulting from the accident. From review of this evidence, we cannot find the trial court abused its discretion in its awards of $ 21,250 in general damages and $ 3,500 in special damages.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court that found Academy to be 100% at fault and awarded Ms. Caruso $ 21,250 in general damages and $ 3,500 in special damages. The costs of the appeal are assessed against Academy.
AFFIRMED

The photographs included pictures of Ms. Caruso's injuries and pictures of the sign that injured Ms. Caruso.

Mr. Gettridge was involved in Ms. Caruso's incident.

According to the transcript, Academy incorrectly moved for a motion for directed verdict, which is applicable to cases tried by a jury. Because the matter was tried in a bench trial, we will consider Academy's oral motion as a motion for involuntary dismissal. See , Populis v. State Department of Transportation and Development , 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 979 n. 5.

The court of appeal may not set aside the trial court's findings of fact in the absence of manifest error or unless the findings are clearly wrong. Branch v. Wal-Mart Stores, Inc. , 01-988 (La. App. 5 Cir. 12/26/01), 806 So.2d 796, 801, citing Rosell v. ESCO , 549 So.2d 840, 844 (La. 1989). "[W]here two permissible views of the evidence exists, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Id. at 801-02, quoting Stobart v. State , 617 So.2d 880, 882-83 (La. 1993).