VICTORIA THI NGO

VERSUS

WALMART INC.

NO. 20-CA-71

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 786-135, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

October 05, 2020

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

**AFFIRMED**
    **SMC**
    **SJW**

**WICKER, J., CONCURS AND ASSIGNS REASONS.**
    **FHW**

COUNSEL FOR PLAINTIFF/APPELLANT,
VICTORIA THI NGO
    Brian P. Marcelle
    Ashley L. F. Barriere

COUNSEL FOR DEFENDANT/APPELLEE,
WALMART, INC. AND SAM'S EAST, INC.
    Roy C. Beard
    Christopher James-Lomax

**CHEHARDY, C.J.**

In this falling merchandise case, the plaintiff, Victoria Thi Ngo, appeals the summary judgment dismissing with prejudice her claims against defendants Walmart, Inc. and Sam's Club East Inc. (collectively "Walmart"). For the reasons that follow, we affirm the district court's judgment.

FACTS AND PROCEDURAL HISTORY

Ms. Ngo visited Sam's Club on Airline Drive in Metairie with other family members on June 17, 2018. While traversing the aisles, two customers removed a rolled-up 8-by-10 or 10-by-12 foot rug[1] from the upright rack in which Sam's Club displayed the rugs, positioning the chosen rug against the outside of the display. A few seconds later, the rug fell and hit Ms. Ngo in the head causing injuries. Ms. Ngo filed a lawsuit for damages against defendants. During her deposition, Ms. Ngo admitted she does not remember the incident.

Walmart filed a motion for summary judgment arguing that Ms. Ngo could not meet her burden of proof to succeed in a negligence claim under La. R.S. 9:2800.6(A), the statute recognizing potential "falling merchandise" claims against a merchant. Walmart produced authenticated video surveillance of the incident showing two customers removing the rug that fell on Ms. Ngo from the display and standing it vertically against the display only a few seconds before the accident. The trial court granted Walmart's motion for summary judgment, determining that Ms. Ngo could not prove that another customer was not responsible for the falling merchandise—a necessary prerequisite for succeeding in a claim against a merchant.

In a single assignment of error, Ms. Ngo argues the district court erred in granting Walmart's summary judgment motion because disputed issues of fact exist

---

[1] Sam's Club contends the rug was 8' x 10' while Ms. Ngo contends it was "more like" 10' x 12', but the exact size is immaterial to the present claims.

as to whether the display of the rug that caused Ms. Ngo's injuries was unreasonably dangerous.

## DISCUSSION

*Summary Judgment Standard*

We review a judgment granting a motion for summary judgment *de novo* using the same criteria as the trial court: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Richthofen v. Medina*, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, *writ denied*, 14-2514 (La. 3/13/15), 161 So.3d 639.

A motion for summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "[I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*; *Luft v. Winn Dixie Montgomery, LLC*, 16-559 (La. App. 5 Cir. 2/8/17), 228 So.3d 1269, 1272.

*Falling Merchandise*

La. R.S. 9:2800.6 governs negligence claims against a merchant. La. R.S. 9:2800.6(A) provides:

> A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.

> This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

The Louisiana Supreme Court established a three-part test for evaluating whether a plaintiff prevails in a falling merchandise case under La. R.S. 9:2800.6(A):

> To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. *Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's premises.*

*Davis v. Wal-Mart Stores, Inc.*, 2000-0445 (La. 11/28/00), 774 So.2d 84, 90 (emphasis added) (citing *Smith v. Toys "R" Us, Inc.*, 98-2085 (La. 11/30/99), 754 So.2d 209); *see also Hodges v. J.C. Penney Corp., Inc.*, 04-1333 (La. App. 5 Cir. 3/29/05), 900 So.2d 966, 968.

Ms. Ngo acknowledges that other customers removed the rolled rug from its display and propped it up against the display, but she contends this does not absolve defendants of liability under La. R.S. 9:2800.6(A). According to Ms. Ngo, it was foreseeable that a customer would not return a rug to the display rack, thereby rendering the display unreasonably dangerous. Ms. Ngo argues the trial court erred in granting defendants' motion for summary judgment in light of this disputed issue of fact. She points to evidence submitted by her expert indicating that Walmart's method of storing these rugs was unreasonably dangerous.

Ms. Ngo also argues the trial court incorrectly distinguished other cases addressing a merchant's negligent storage procedures, citing, for example, *Stepherson v. Wal-Mart Stores, Inc.*, 34,547 (La. App. 2 Cir. 4/4/01), 785 So.2d 950,

954 (affirming judgment against merchant after finding that displaying dumbbells at chest level on unsecured shelf without any restraining device created an unreasonable risk of harm); and *Bazar v. Home Depot U.S.A., Inc.*, 2010 WL 11575046, at *2 (M.D. La. June 9, 2010) (denying summary judgment after finding material issue of fact existed regarding defendant's negligence because the way roofing tar paper was stacked could have caused second roll to fall when plaintiff removed first roll). Ms. Ngo further contends the case is not ripe for summary judgment because there has been insufficient discovery, and Walmart is not entitled to summary judgment because its investigation of the incident was inadequate and/or incomplete.

We disagree with Ms. Ngo's primary argument that an issue of fact exists regarding whether the rug display at Sam's Club was unreasonably dangerous. Unlike the cases Ms. Ngo cites, the method of displaying the rugs, and the display rack itself, had nothing to do with this particular incident. The surveillance video plainly shows two customers standing up the rug vertically and seeing it fall only two or three seconds later. The customers had not returned the rug to the display and had not even left the scene before the incident occurred. Under *Davis*, 774 So.2d at 90, Ms. Ngo cannot meet her burden of proving that another customer did not cause the accident. As such, we need not reach the "unreasonably dangerous" third prong of the *Davis* test because Ms. Ngo is unable to satisfy the second prong. *Davis*, 774 So.2d at 90.

If the facts had shown that removal of one rug caused some other rug in the display to fall on Ms. Ngo, our analysis might be different, but those are not the facts before us, and additional discovery cannot refute what is plainly apparent in the surveillance video. Finally, Ms. Ngo's allegations that Walmart's post-accident investigation was incomplete do not absolve her burden of proof under *Davis* and

La. R.S. 9:2800.6, nor do they create a material issue of fact under these circumstances.

DECREE

Because Ms. Ngo failed to prove that another customer *did not* cause the rug to fall—a necessary element of proof for succeeding in a falling merchandise case— we affirm the district court's judgment in favor of Walmart, Inc. and Sam's East Inc., dismissing with prejudice Ms. Ngo's claims against them.

**AFFIRMED**

VICTORIA THI NGO                         NO. 20-CA-71

VERSUS                                   FIFTH CIRCUIT

WALMART INC.                             COURT OF APPEAL

                                         STATE OF LOUISIANA


**WICKER, J., CONCURS AND ASSIGNS REASONS.**

I agree with the outcome reached by the majority, but not entirely with the reasons stated in its opinion.

In its brief, Walmart asserts that only after a Plaintiff satisfies her burden as to the first and second elements set forth in *Davis v Wal-Mart Stores, Inc.,* 00-0445, 774 So.2d 84 (La. 11/28/00) may a court consider the negligence of the Defendant per the third element. The majority appears to adopt Walmart's interpretation of the *Davis* test, stating that because Ms. Ngo is unable to satisfy the second prong of the *Davis* test, the court need not consider the third prong and thus the question of whether the display was unreasonably dangerous is rendered moot. Respectfully, in my opinion the majority is not entirely correct in its interpretation of the weight the Louisiana Supreme Court gave to each of the *Davis* test three prongs.

In *Davis* the Louisiana Supreme Court stated in full:

> In a "falling merchandise" case under R.S. 9:2800.6(A), as in the present case, the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. Further, a plaintiff who is injured by falling merchandise must prove, even by circumstantial evidence that a premise hazard existed. Once a plaintiff proves a prima facie premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures.

20-CA-71                    1

To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. *Id.* Only when the customer has negated the first two possibilities *and demonstrated the last* will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's premises. *Davis v. Wal–Mart Stores, Inc.,* 00–0445, 774 So.2d 84, 90 (La. 11/28/00) (internal citations omitted)(emphasis added).

On its face, *Davis* provides that "the customer must demonstrate that (1)…(2)…, and (3)." Quite simply, the Supreme Court did not in *Davis* say "and *then* (3)." In my opinion, each element of the three prong *Davis* test is intended to be equally weighted and may be considered by the Court. Nevertheless, in this case, even assuming Ms. Ngo has proved the first and third prongs of the *Davis* test, I agree with the majority that she failed to meet her burden in proving the second prong.

Ms. Ngo argued that the way Walmart displayed the rugs created an unreasonable risk of harm such that the customer's foreseeable handling of the rug was only an intervening cause of the accident. An intervening cause is any action that occurs between the negligent act and the injury, including the conduct of third parties; superseding causes are those intervening causes that relieve the original negligent actor from liability. *Adams v. Rhodia, Inc.,* 07–2110, 938 So.2d 798 (La. 5/21/08)(citing *Mendoza v. Mashburn,* 99–499, 747 So.2d 1159, 1168, (La. App. 5 Cir. 11/10/99), *writ denied,* 00–0037, among others). Jurisprudence has clearly established that acts of third parties which are foreseeable are intervening forces, which are within the scope of the original risk, and hence of the original tortfeasor's negligence. *Id.* (first citing *Miller v. Louisiana Gas Service Co.,* 601 So.2d 700, 705 (La. App. 5 Cir. Year), *writs denied,* 604 So.2d 999 (La. 1992), 604

So.2d 1001 (La. 1992) and then *citing* PROSSER AND KEETON, LAW OF TORTS (4th ed. 1971) at 273–274, 288).

Ms. Ngo argues that the unreasonably dangerous display of the rugs made it foreseeable that customers would remove the rugs to examine them and, upon struggling to put them back into the display, would leave them about the store. To Ms. Ngo's point, La. R.S. 9:2800.6 does require a merchant to exercise reasonable care to protect those who enter his establishment, keep his premises safe from unreasonable risks of harm, and to warn persons of known dangers. Nevertheless, based on the specific facts of this case, I cannot find that Walmart was liable for Ms. Ngo's injuries. The surveillance video produced clearly shows that the third-party shopper removed the rug from the display and attempted to balance a rolled, eight-to-ten foot rug vertically when it fell over onto Plaintiff. If the facts of this case were different, for instance, had the third party shopper attempted to return the rug to the display, evinced a struggle, given up, and then left it precariously propped against other merchandise in the aisle, the outcome might have been different, depending on an analysis of foreseeability. However, the particular circumstances leading to this injury could have occurred at the register or anywhere else in the store; the fact that the rug display was unreasonably dangerous is wholly irrelevant to the specific harm suffered by Ms. Ngo. The jurisprudence clearly states that even where the owner of a commercial establishment has an affirmative duty to keep his premises in a safe condition, he is not the insurer of the safety of his patrons. *Upton v. Rouse's Enter., LLC*, 15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1199, *writ denied,* 16-0580 (La. 5/13/16), 191 So.3d 1057. A store owner is not liable every time an accident happens. *Id.* (*citing Richardson v. Louisiana–1 Gaming,* 10–262 (La. App. 5 Cir. 12/14/10), 55 So.3d 893, 895–96).

Thus, I agree with the majority's result to affirm the trial court's grant of summary judgment because I believe, based on the specific facts of this case, there is a clear absence of factual support for one or more elements essential to Ms. Ngo's claim.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-CA-71

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
BRIAN P. MARCELLE (APPELLANT)          ROY C. BEARD (APPELLEE)

**MAILED**
ASHLEY L. F. BARRIERE (APPELLANT)          CHRISTOPHER JAMES-LOMAX (APPELLEE)
ATTORNEY AT LAW                            ATTORNEY AT LAW
1100 POYDRAS STREET                        909 POYDRAS STREET
SUITE 2200                                 SUITE 1000
NEW ORLEANS, LA 70163                      NEW ORLEANS, LA 70112